**In the Interest of J.R. and B.R.**

**No. 14–05–01216–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 10, 2007.

William B. Connolly, Houston, for appellants.

Francisca Anna Aguirre-Saldana, Jay S. Siskind and Sandra D. Hachem, Houston, for appellees.

Panel consists of Justices ANDERSON, EDELMAN, and FROST.

## SUBSTITUTED OPINION

RICHARD H. EDELMAN, Justice.

C.M.'s motion for rehearing is overruled, our opinion issued in this case on January 4, 2007 is withdrawn, and the following opinion is issued in its place.

C.M.[1] appeals the trial court's Order Modifying Order of Termination Pursuant to Judgment of Appellate Court (the "order") on the ground that it fails to comply with this Court's mandate (the "mandate") from the previous appeal in this case because the trial court did not hold further proceedings before entering it. We affirm.

---

1. To protect the privacy of the parties in this case, we identify them only by initials. *See* Tex. Fam.Code Ann § 109.002(d) (Vernon 2002).

In 2002, the Department of Family and Protective Services ("DFPS") removed C.M.'s two children, J.R. and B.R., from her, and sought, as relevant to this appeal, to terminate C.M.'s parental rights and to be appointed sole managing conservator of the two children. In 2004, following trial, the trial court entered an order terminating C.M.'s parental rights and naming DFPS sole managing conservator for both children. In 2005, this Court issued an opinion: (1) reversing the termination of C.M.'s parental rights; (2) neither affirming nor reversing the judgment appointing DFPS conservator (because C.M. did not challenge it on appeal); and (3) remanding the case to the trial court for further proceedings consistent with the opinion. *See In re J.R.*, 171 S.W.3d 558, 579 (Tex.App.-Houston [14th Dist.] 2005, no pet.).[2]

On remand, C.M. filed two motions with the trial court seeking to dismiss the case or to modify the trial court's previous orders to grant her access to the children, both of which motions were denied after hearings. The trial court then entered the order (before our mandate issued), which provides in pertinent part:

> IT IS ORDERED that this Court VACATES Section 9 of the "Order of Termination" signed by this court on April 6, 2004, attached herein as Exhibit A, [hereinafter "Order of Termination"] which provides as follows:
> 9. Termination of Respondent Mother [C.M.]'s PARENTAL RIGHTS
> * * *
>
> 9.3 IT IS THEREFORE ORDERED that the parent-child relationship between [C.M.] and

the children [J.R.] AND [B.R.], the subject of this suit is finally and forever terminated.

> IT IS FURTHER, ORDERED, that this court modifies its prior "Order of Termination," to deny the request of Department of Family & Protective Services to terminate her parental rights, and, in this regard, it is ORDERED that this court's "Order of Termination" be modified with the following Section 9, in place of the vacated section, to read as follows:
> 9. Termination of the parental rights of [C.M.] is hereby DENIED.
>
> IT IS FURTHER ORDERED that no other provisions in the "Order of Termination" are modified by this Order, and, in this regard, the request of [C.M.] to dismiss or modify this court's prior "Order of Termination" on the basis of the Appellate Court's judgment to name her as a joint or sole managing conservator of the children, [J.R.] and [B.R.] is DENIED.

The order thus removed from the previous judgment the portion reversed by this Court, affirmatively denied that relief, and left the remainder of that judgment intact.

C.M.'s sole issue on appeal asserts that the trial court erred in entering the order without holding further proceedings to determine her status as a conservator and her rights, powers and duties, and possession of and access to her children, which she contends was required by our mandate, which provides:

> We have inspected the record and find the trial court erred in terminating the parent-child relationship between appel-

2. Our prior opinion states, in part:
[W]e reverse the trial court's judgment to the extent it terminates [C.M.]'s parental rights as to [J.R.] and [B.R.], and we render judgment in part that the [DFPS] take nothing as to termination of [C.M.]'s parental rights. [C.M.] has not challenged on appeal

the trial court's appointment of the [DFPS] as sole managing conservator of [J.R.] and [B.R.], and we do not reverse the trial court's judgment in this regard. We remand this case to the trial court for further proceedings consistent with this opinion. *In re J.R.*, 171 S.W.3d at 579.

lant [C.M.] and her children J.R. and B.R. We therefore order that the portions of the judgment that terminate the parent-child relationship between appellant [C.M.] and her children J.R. and B.R. are REVERSED and RENDER judgment in part that the TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES take nothing as to its request that the parent-child relationship between appellant [C.M.] and her children J.R. and B.R. be terminated. We order that the remainder of the trial court's judgment, except those portions that deal with [the children's father], be severed and REMANDED for further proceedings in accordance with this court's opinion.

C.M. contends that further proceedings were required by our mandate because, otherwise, this Court could have simply rendered the new judgment the trial court ordered, making a remand unnecessary. As DFPS acknowledges, some further proceedings will be required, such as periodic placement review hearings. *See* TEX. FAM. CODE ANN. §§ 263.501(a), 263.503 (Vernon 2002).

C.M. argues, however, that, upon this court's reversal of her parental termination, she thereby regained full status as a parent, and the trial court was thereby required by law to conduct further proceedings to either appoint her as a possessory conservator or make a specific finding that such an appointment was not in the child's best interest and that her possession or access would endanger the welfare of the child.[3] We disagree.

Nothing in our prior opinion or mandate: (1) required the trial court to vacate or modify any portions of its prior judgment other than the termination; (2) restrained the trial court from correcting its prior judgment to conform with our decision before holding any further proceedings; or (3) required the trial court to take any other particular further action, or hold any particular further proceedings before entering the order. In addition, C.M.'s position would treat our prior judgment as if it had reversed and remanded the conservatorship finding when it instead did precisely the opposite.[4]

Because neither the trial court's appointment of DFPS as sole managing conservator, nor its conclusion of law that such appointment was in the children's best interest, was challenged or overturned in our 2005 opinion, each remained in effect on remand subject to modification, which C.M. has not sought.[5] Because

3. Generally, if a parent is not appointed as a sole or joint managing conservator, he or she must be named a possessory conservator unless the trial court makes a specific finding that such an appointment would not be in the best interest of the child or that parental possession would endanger the child's physical or emotional welfare. TEX. FAM.CODE ANN. § 153.191 (Vernon 2002).

4. The First Court of Appeals has issued at least one opinion holding, as C.M. contends, that where a challenge to a parental termination is sustained, the appointment of DFPS as sole managing conservator must also be reversed, even though unchallenged. *See Colbert v. Dep't of Family & Protective Servs.*, —— S.W.3d ——, —— (Tex.App.-Houston [1st. Dist] 2006, no. pet.). We disagree with that

holding and agree instead with the dissent in that case that where a parent fails to challenge and overturn a trial court's conservatorship decision, his or her only recourse is to seek a modification. *See id.* at —— (Jennings, J., dissenting).

5. *See* TEX. FAM.CODE ANN. § 156.002(a) (Vernon 2002). Appellant contends that she lacks standing to file a motion to modify because she is not a conservator. However, because section 156.002(a) allows a motion to modify to be filed by any party affected by the order to be modified, it is not apparent how appellant would lack such standing. *See id.* She also complains that she would not be entitled to court-appointed counsel in a modification proceeding, as she was in the termination proceeding initiated by the State. *See id.*

C.M.'s issue therefore fails to establish that the trial court's entry of the order without litigating her rights as a possessory conservator was improper, it is overruled, and the judgment of the trial court is affirmed.

§ 107.013(a)(1), (c) (Vernon Supp.2006). To whatever extent that is correct, it is a choice that has been made by the Legislature, and it is not within our province to circumvent by reversing a decision of the trial court where no error has been shown. *See, e.g., In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 614 (Tex.2006) ("It is not the Court's task to choose between competing policies addressed by legislative drafting.").