**In the Interest of S.A.M., P.R.M., and S.A.M.**

**No. 14–08–01068–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 17, 2010.

Robert Gaines Gibson, Rosenberg, Thomas C. Sanders, Sugarland, for appellant.

John Maisel, Houston, for appellee.

Panel consists of Justices ANDERSON, FROST, and BOYCE.

## OPINION

KEM THOMPSON FROST, Justice.

The main issue in this appeal is whether appellant is a "party affected by an order" in a suit affecting the parent-child relationship of three minor children. If she is, then under section 156.002 of the Texas Family Code, she has standing to seek a modification of the order, and the trial court erred in dismissing appellant's suit for lack of standing. Appellant is a party to the order she seeks to modify, and in that order, she received various benefits and burdens. We conclude that, under the plain meaning of section 156.002(a) of the Texas Family Code, appellant is a "party affected by an order" who has standing to seek modification of that order. Accordingly, we reverse the trial court's dismissal order and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

After S.A.M., P.R.M., and S.A.M.'s mother died, the Texas Department of Family Protective Services filed a suit affecting the parent-child relationship as to these three minor children ("Original Suit"). Appellant Susan Doyle is not related to the children and was not named by the Department as a party in the Origi-nal Suit. However, after a hearing, the trial court found that Doyle had enjoyed substantial past contact with S.A.M., P.R.M., and S.A.M. (hereinafter collectively the "Children") and granted Doyle leave to intervene in the Original Suit under section 102.004(b) of the Texas Family Code. *See* TEX. FAM.CODE ANN. § 102.004(b) (Vernon Supp. 2010) (stating that "the court may grant a grandparent or other person deemed by the court to have had substantial past contact with the child leave to intervene in a pending suit filed by a person authorized to do so under this subchapter if there is satisfactory proof to the court that appointment of a parent as a sole managing conservator or both parents as joint managing conservators would significantly impair the child's physical health or emotional development").

The trial court, on March 20, 2006, signed a final, agreed order in the Original Action ("Order"). Doyle signed the Order as an intervenor. In the Order, the trial court appointed appellee L.M., the Children's paternal uncle, as the Children's sole managing conservator (hereinafter the "Conservator"), and the trial court appointed two maternal aunts as possessory conservators. Doyle was not named as either a managing conservator or possessory conservator. In the Order, however, the trial court gave Doyle the right to talk to the Children daily by telephone, and the court prohibited other parties from interfering with that telephone access.

The following year, in August 2007, Doyle filed suit asking the trial court to remove the paternal uncle as sole managing conservator and appoint her in his place. The Conservator asserted that Doyle had no standing and, as a result, the trial court lacked subject-matter jurisdiction. The trial court dismissed for lack of standing, concluding, among other things,

that Doyle does not have standing under section 156.002 of the Texas Family Code. Doyle brings this appeal to challenge that ruling.

## II. Standing

Standing is a prerequisite to subject-matter jurisdiction, which is essential to a court's power to decide a case. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 553–54 (Tex.2000). A trial court's determination as to whether a party has standing is reviewed de novo. *See Tex. Dep't of Transp. v. City of Sunset Valley,* 146 S.W.3d 637, 646 (Tex.2004). Standing is a constitutional prerequisite to suit in both federal courts and the courts of Texas. *Williams v. Lara,* 52 S.W.3d 171, 178 (Tex. 2001). Nonetheless, the judge-made criteria regarding standing do not apply when the Texas Legislature has conferred standing through a statute. *Id.* In statutory standing cases, such as the one now under review, the analysis is a straight statutory construction of the relevant statute to determine upon whom the Texas Legislature conferred standing and whether the claimant in question falls within that category. *See Tex. Dep't of Protective and Regulatory Servs. v. Sherry,* 46 S.W.3d 857, 859–61 (Tex.2001); *In re Sullivan,* 157 S.W.3d 911, 915 (Tex.App.-Houston [14th Dist.] 2005, orig. proceeding [mand. denied] ).

We review the trial court's interpretation of applicable statutes de novo. *See Johnson v. City of Fort Worth,* 774 S.W.2d 653, 656 (Tex.1989). In construing a statute, the court's objective is to determine and give effect to legislative intent. *Nat'l Liab. & Fire Ins. Co. v. Allen,* 15 S.W.3d 525, 527 (Tex.2000). If possible, we must ascertain that intent from the language the legislature used in the statute and not look to extraneous matters for an intent not stated in the statute. *Id.* If the meaning of the statutory language is unambiguous, we adopt the interpretation supported by the plain meaning of the provision's words. *St. Luke's Episcopal Hosp. v. Agbor,* 952 S.W.2d 503, 505 (Tex. 1997). We must not engage in forced or strained construction, but instead, we must yield to the plain sense of the words the legislature chose. *Id.*

### Can the petition be construed be as a request for modification of the Order?

As a threshold matter, we address the Conservator's argument that the substance of Doyle's petition is an original suit and that this petition cannot be construed as a suit under Chapter 156 of the Texas Family Code seeking modification of the Order. The petition is entitled "Original Petition in Suit Affecting the Parent–Child Relationship." But, as the Conservator concedes, this court must give effect to the substance of the petition rather than its title or form. *See Phillips v. Dafonte,* 187 S.W.3d 669, 675 (Tex.App.-Houston [14th Dist.] 2006, no pet.). In addition, because no special exceptions have been asserted against Doyle's petition, this court must construe that pleading liberally in Doyle's favor to include all claims that reasonably may be inferred from the language used in the petition. *See Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 897 (Tex.2000); *London v. London,* 192 S.W.3d 6, 13 (Tex.App.-Houston [14th Dist.] 2005, pet. denied).

The caption of the petition contains the cause number from the Original Suit; however, this cause number has been lined-out in pen by an unknown person. The face of the petition reflects the stamp of the clerk's office adding a new cause number above the other number. Doyle filed the petition in the trial court, which is the court that rendered the Order in the Original Suit. In the petition, Doyle makes the following allegations:

- The trial court has continuing jurisdiction over Doyle's suit and over the Children, who are the subject of Doyle's suit.
- Under a court order, the Conservator is the sole managing conservator of the Children.
- Under a court order, the two maternal aunts are possessory conservators of the Children.
- The Children's placement with the Conservator is injurious to their health and welfare.
- It is in the best interest of the Children that the Conservator be removed as sole managing conservator and that Doyle be appointed as the Children's sole managing conservator.

Doyle asserts that the trial court has continuing jurisdiction over the Children, which it would have if the trial court rendered a final conservatorship order. *See* TEX. FAM.CODE. ANN. § 155.001 (Vernon 2008). Doyle states that the Conservator was appointed sole managing conservator but that it is in the Children's best interest for the Conservator to be removed and Doyle appointed as sole managing conservator. Under Chapter 156, a party seeking to modify an order must file a modification suit in the court with continuing jurisdiction, which, as alleged in Doyle's petition, is the trial court. *See* TEX. FAM. CODE ANN. §§ 156.001, 156.002 (Vernon 2008). Focusing on the substance of Doyle's petition and liberally construing the petition in her favor to include all claims that reasonably may be inferred from the language used therein, we conclude that the pleading constitutes a petition to modify the Order under Chapter 156 of the Texas Family Code. *See In re P.D.M.*, 117 S.W.3d 453, 455–56 (Tex.App.-Fort Worth 2003, pet. denied) (en banc) (construing petition to be modification suit).

### *What does "party" mean in section 156.002(a)?*

■ Under section 156.002(a) of the Texas Family Code, modification suits may be brought by "a party affected by an order." TEX. FAM.CODE ANN. § 156.002(a) (Vernon Supp. 2010). To determine Doyle's standing we first must determine the meaning of the term "party" as used in this statute. Though research reveals no Texas case that addresses this precise issue, sister courts of appeals have addressed this issue under a predecessor statute containing the same language. The Seventh Court of Appeals and the Eleventh Court of Appeals have held that to be a "party," a person must be a party to the order the person seeks to modify. *See Pratt v. Tex. Dep't of Human Resources*, 614 S.W.2d 490, 495 (Tex.Civ. App.-Amarillo 1981, writ ref'd n.r.e.); *Doe v. Roe*, 600 S.W.2d 378, 379 (Tex.Civ.App.-Eastland 1980, writ ref'd n.r.e.). The Second Court of Appeals has taken a more expansive view, holding that the term "party" includes both parties to the order sought to be modified and persons who have a "sufficient interest" in a child who is the subject of the order, even if that person is not a party to the order. *See Watts v. Watts*, 573 S.W.2d 864, 868 (Tex. Civ.App.-Fort Worth 1978, no writ).

According to Black's Law Dictionary, the term "party" has two possible meanings in the legal context: (1) "one who takes part in a transaction," and (2) "one by or against whom a lawsuit is brought." BLACK'S LAW DICTIONARY 1154 (8th ed. 2004). The legislature could have given standing to "a *person* affected by an order," yet the legislature chose to give standing to "a *party* affected by an order." The question is to whom did the legislature intend to give standing to seek modification of "an order that provides for the conservatorship, support, or possession of and access to a child." TEX. FAM.CODE ANN.

§§ 156.001. In this context, we conclude that the plain meaning of the word "party" requires that the person have been a party to the order that the person seeks to modify. *See Pratt,* 614 S.W.2d at 495; *Doe,* 600 S.W.2d at 379; *see also In re L.N.E.,* No. 05–07–01712–CV, 2009 WL 280472, at *2–3 (Tex.App.-Dallas Feb. 6, 2009, no pet.) (mem. op.) (holding that "party" under Family Code section 157.421 requires the person to have been a party to the order as to which the person seeks clarification). *But see Watts,* 573 S.W.2d at 868.

### Is Doyle a party to the Order?

 To have standing under section 156.002(a), Doyle must be a party to the Order. Before signing the Order, the trial court found that Doyle had enjoyed substantial past contact with the Children and granted Doyle leave to intervene in the Original Suit under section 102.004(b) of the Texas Family Code. *See* Tex. Fam. Code Ann. § 102.004(b). Once a person intervenes in a suit, the person becomes a party for all purposes and continues to be a party unless the trial court strikes the

intervention. *See Brook v. Brook,* 865 S.W.2d 166, 172 (Tex.App.-Corpus Christi 1993), *aff'd,* 881 S.W.2d 297 (Tex.1994). The Order states that Doyle made an appearance, that she is a party to the Order, and that she agreed to the terms of the Order as evidenced by her signature on the Order. Doyle signed the agreed Order as an intervenor. Under the unambiguous language of the Order, Doyle is a party to the Order.[1]

### What does "affected" mean?

To have standing to seek modification, Doyle must not only be a party to the Order, but also must be "affected" by the Order. *See* Tex. Fam. Code Ann. § 156.002(a). The Conservator asserts that Doyle cannot be affected by the Order because she did not receive any conservatorship rights under it. This court previously has rejected this argument by concluding that a party to an order regarding conservatorship could seek modification of the prior order under section 156.002(a) even though the party was given no conservatorship rights under that order.[2] *See*

---

1. On appeal, the Conservator does not assert that Doyle is not a party to the Order. Instead, the Conservator argues that Doyle's counsel made a judicial admission at a hearing that Doyle is not a party to the Order. At the hearing in question, Doyle did not have the same lawyer as she had in the Original Suit. The Conservator's lawyer, who had been involved from the beginning, incorrectly stated that Doyle had not intervened and is not a party to the Order. The Conservator's lawyer then argued that Doyle was nonetheless bound by the mediation provisions of the Order. In response, Doyle's lawyer stated that Doyle is not a party to the Order and that therefore the mediation requirement would not apply to her. Doyle's lawyer also asserted that Doyle "was not appointed as a possessory conservator and therefore is not a party to that mediation requirement." At a subsequent hearing, before the trial court dismissed the suit for lack standing, a third lawyer representing Doyle asserted that Doyle is a party to the Order and that she had standing under

section 156.002(a). Doyle's status as a party or non-party is not the proper subject of a judicial admission. Doyle's status as a party or non-party is determined by law and not as a fact through a judicial admission. In any event, we could find no judicial admission in Doyle's trial counsel's statements because those statements were not a clear, deliberate, and unequivocal statement that Doyle is not a party to the Order so as to constitute a judicial admission. *See Regency Advantage Ltd. P'ship v. Bingo Idea–Watauga, Inc.,* 936 S.W.2d 275, 278 (Tex.1996) (holding that statement was not clear, deliberate, and unequivocal so as to constitute a judicial admission); *Sharma v. Routh,* 302 S.W.3d 355, 366 n. 22 (Tex.App.-Houston [14th Dist.] 2009, no pet.) (same as *Regency Advantage Ltd. P'ship* ).

2. This conclusion is also supported by section 156.101 of the Texas Family Code, which indicates that a "party affected" by an order is different from a person given conservatorship rights. *See* Tex. Fam.Code Ann. § 156.101

*In re J.R.*, 222 S.W.3d 817, 818–19 & n. 5 (Tex.App.-Houston [14th Dist.] 2007, pet. denied). Therefore, the Conservator's argument lacks merit.

Though this court has determined that a party need not have been granted conservatorship rights to be a "party affected by an order," this court has not affirmatively addressed the meaning of the statutory phrase "affected by an order," and research has not revealed any cases from the Supreme Court of Texas or other courts of appeals addressing this issue.[3] In several cases, courts state in passing that "a 'party affected' by an order *includes* a person mentioned in a previous decree in the context of conservatorship." *In re A.J.L.*, 108 S.W.3d 414, 419 (Tex.App.-Fort Worth 2003, pet. struck) (emphasis added). These statements are obiter dicta because they are in cases in which the person seeking to modify the prior order was not a party to it. In addition, the courts in these cases do not explain what they mean by "mentioned ... in the context of conservatorship" or how this meaning is consistent with the statutory language. More fundamentally, the courts in these cases simply identify one group of persons who are "parties affected by an order" but do not analyze the meaning of that statutory phrase. *See id.*

Although "affected" is not defined in the statute, the term is not ambiguous. *See City of San Antonio v. Hartman*, 201 S.W.3d 667, 672 n. 19 (Tex.2006). The

plain and ordinary meaning of "affect" is "to produce an effect ... upon." *See* Webster's Third New International Dictionary 35 (1993 ed.). This court's principal task in applying this meaning in the context of the case under review is to determine if the Order produced an effect upon Doyle.

■■■ The Order contains the following provisions relating to Doyle:

● Subject to certain restrictions, Doyle has the right to talk by telephone to each of the Children every day for a reasonable time not to exceed thirty minutes. The Order states that regular telephone contact with the Children is "important to the children's well-being."

● The trial court ordered the other parties to the Order not to interfere with the Children's telephone conversations with Doyle.

● If Doyle calls one of the Children and the child is not at home, the party who has possession of the child at that time is to return Doyle's call within 24 hours of receiving notice of Doyle's attempted call.

● Doyle is to give advance notice to the court and the other parties of any changes in her address, telephone numbers, employer, or employment address. Failure to give this notice subjects Doyle to being held in contempt of court, punishable by up to six

(Vernon Supp. 2010) (stating that "[t]he court may modify an order that provides for the appointment of a conservator of a child, that provides the terms and conditions of conservatorship, or that provides for the possession of or access to a child if modification would be in the best interest of the child and ... the circumstances of the child, *a conservator, or other party affected by the order* have materially and substantially changed ....") (emphasis added).

3. Most of the cases regarding standing under section 156.002(a) involve the meaning of the word "party" and whether the person seeking modification must have been a party to the litigation resulting in the order sought to be modified. *See In re A.J.L.*, 108 S.W.3d 414, 419–20 (Tex.App.-Fort Worth 2003, pet. struck); *Pratt*, 614 S.W.2d at 495; *Doe*, 600 S.W.2d at 379; *Watts*, 573 S.W.2d at 868. There is no doubt that Doyle is a "party" to the Order; therefore, these cases are not on point.

months in jail and a $500 fine for each violation. Doyle could also be liable for a money judgment for payment of attorney's fees and court costs.

• Before setting any hearing or initiating discovery in any suit for modification of the Order's conservatorship provisions, except in an emergency, Doyle and the other parties shall mediate the controversy in good faith.

Under the Order, Doyle receives important rights regarding telephone access to the Children, and she is burdened with the duty of giving notice if her personal contact information changes. Without question, the Order produced an effect upon Doyle. Under the plain meaning of section 156.002(a), Doyle is a "party affected" by the Order, and therefore she has standing to seek modification of the Order. *See* TEX. FAM.CODE ANN. § 156.002(a).

Rather than focus on the meaning of the words chosen by the legislature, the Conservator asserts that this court should strictly construe section 156.002(a) based on public policy considerations relating to the need for stability in children's lives and "the prevention of constant litigation." It is not this court's office to choose between competing policies addressed by the legislature's chosen language. *See Tex. Dep't of Family and Protective Servs.*, 210 S.W.3d 609, 614 (Tex.2006); *RepublicBank Dallas v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex.1985). This court must apply the statute as written. The legislature first limited standing to the relatively narrow category of parties to the order. The legislature could have gone further and limited the class of persons who have standing to seek modification to parties whose rights had been substantially impacted or materially changed by the order. It did

not do so. Under the legislature's statutory regime, once "party" status is demonstrated, all that is required is that the party meet the low threshold of being "affected" by the order. This choice is a clear manifestation of the legislature's intent to grant any party to an order upon whom the order has produced an effect the right to seek modification.

### III. CONCLUSION

Under the plain meaning of section 156.002(a) of the Texas Family Code, Doyle is a "party affected by an order" and therefore she has standing to pursue her modification suit. The trial court erred in dismissing Doyle's suit for lack of standing.[4] Accordingly, we sustain Doyle's sole issue on appeal, reverse the trial court's dismissal order, and remand for further proceedings consistent with this opinion.

---

4. In determining that Doyle has standing, we do not address the merits of Doyle's modification suit. To the extent, if any, that Doyle has violated the mediation provisions of the Or-

der, that issue does not affect our standing analysis, and is a matter the trial court may address on remand.