

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-15-00051-CV

IN THE INTEREST OF B.U. AND
K.U., CHILDREN

----------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 2006-20830-158

----------

## MEMORANDUM OPINION[1]

----------

In nine issues, pro se appellant B.U. brings a litany of complaints about pro se appellee R.E., her trial attorney, the trial court judge, the trial court's orders, and this court in this contentious suit affecting the parent-child relationship

---

[1]*See* Tex. R. App. P. 47.4.

(SAPCR) involving modification of child support and possession.[2]  We affirm the trial court's judgment.

In his sixth issue and interrelated to his second, third, fourth, and fifth issues, B.U. argues that the trial court lacked jurisdiction to decide "these matters" by virtue of the mediation clause in the parties' agreed parenting plan, which he claims deprived R.E. of standing.

Standing is a component of subject matter jurisdiction.  *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993).  If a party lacks standing to bring an action, then the trial court lacks subject matter jurisdiction to hear the case.  *Id.* at 444–45.  If a court lacks subject matter jurisdiction to hear a case, then it lacks authority to decide that case.  *M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001).  Subject matter jurisdiction cannot be waived.  *Clint ISD v. Marquez*, 478 S.W.3d 538, 558 (Tex. 2016).  We review standing de novo.  *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004).

Under the family code, a party affected by an order may file a suit for modification in the court with continuing, exclusive jurisdiction.  Tex. Fam. Code Ann. § 156.002 (West 2014); *In re S.A.M.*, 321 S.W.3d 785, 787 (Tex. App.— Houston [14th Dist.] 2010, no pet.).  In this case, our legislature has conferred

---

[2]B.U. filed a number of motions in this court while the case remained pending, many of them repeating the arguments in his appellant's brief.  To the extent that any pending motion is not explicitly addressed in this opinion, it is **DENIED**.

statutory standing to R.E. as a party affected by the orders sought to be modified. *See S.A.M.*, 321 S.W.3d at 788. None of the authorities cited by B.U. support his contention that the mediation clause contained in the agreed parenting plan deprives R.E. of standing or the trial court of jurisdiction in this case, and we have found none. We overrule B.U.'s sixth issue and the interrelated parts of his second, third, fourth, and fifth issues.[3]

As to the remainder of B.U.'s second, third, fourth, and fifth issues, they all pertain to the trial court's authority to issue the temporary orders in this case.

---

[3]B.U. also contends that the trial court's failure to dismiss R.E.'s pleadings on April 8, 2014, deprived him of a full, fair, and meaningful final trial, but because he does not explain how he was deprived of due process when he both appeared and participated in the temporary orders hearing and in the final trial, we overrule this portion of his issue as inadequately briefed. *See* Tex. R. App. P. 38.1(i). Likewise, his argument that the trial court was "deprived of subject-matter jurisdiction to decide these matters" when it allegedly failed to follow statutory procedure on removing the children from his primary custody in its temporary orders is both legally flawed and moot, and while B.U. could have complained about the trial court's actions in an original proceeding while the temporary orders were in effect, he did not do so. *See In re Strickland*, 358 S.W.3d 818, 820 (Tex. App.—Fort Worth 2012, orig. proceeding); *In re Russell*, 321 S.W.3d 846, 853 (Tex. App.—Fort Worth 2010, orig. proceeding [mand. denied]). B.U. filed two petitions for writ of mandamus in this court on July 29, 2015, and August 27, 2015—*after* the trial court issued its final order on January 23, 2015—making it too late for this court to take any action on his temporary orders complaints. *Cf. In re Lennar Homes of Tex. Sales & Mktg., Ltd.*, No. 02-15-00174-CV, 2015 WL 4366046, at *1 (Tex. App.—Fort Worth July 15, 2015, orig. proceeding). He filed a third petition for writ of mandamus on August 12, 2016, in which he also requested a writ of prohibition and a writ of habeas corpus, which was denied on August 16, 2016, and he filed a fourth petition for writ of mandamus and other relief using the alias "Hugh Morris" on August 22, 2016, which was denied on August 23, 2016.

3

Because a final order was rendered in this case, any complaints about the temporary orders are moot. *See Wright v. Wentzel*, 749 S.W.2d 228, 234 (Tex. App.—Houston [1st Dist.] 1988, no writ) (citing *Conway v. Irick*, 429 S.W.2d 648 (Tex. Civ. App.—Fort Worth 1968, writ ref'd)); *see also Mauldin v. Clements*, 428 S.W.3d 247, 262 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *L.F. v. Dep't of Family & Protective Servs.*, No. 01-10-01148-CV, 2012 WL 1564547, at *14 (Tex. App.—Houston [1st Dist.] May 3, 2012, pet. denied) (mem. op.). We overrule the remainder of B.U.'s second, third, fourth, and fifth issues.

In his first issue, B.U. complains that the trial court abused its discretion by refusing to enter the specific findings of fact and conclusions of law that he submitted and by instead entering findings and conclusions of its own choosing. But findings of fact and conclusions of law do not exist to provide the losing party with an opportunity to rewrite the facts in contradiction of the trial court's actual judgment.[4] *See In re D.H.*, No. 02-05-00179-CV, 2006 WL 133523, at *1 (Tex. App.—Fort Worth Jan. 19, 2006, no pet.) (mem. op.). And the trial court is not required to make findings that are unsupported in the record.[5] *ASAI v. Vanco*

---

[4]Generally, the *prevailing* party proposes findings of fact and conclusions to the trial court to support the judgment, although the trial court is not bound to accept the draft and may make changes or completely rewrite the proposed document. *Grossnickle v. Grossnickle*, 935 S.W.2d 830, 837 n.1 (Tex. App.—Texarkana 1996, writ denied).

[5]Additionally, to the extent that B.U. also complains that the trial court filed its findings and conclusions late, a trial court's failure to timely file findings and conclusions is generally remedied when findings and conclusions are filed while the case is on appeal, as they were here. *See Morrison v. Cogdell*, No. 02-02-

4

*Insulation Abatement, Inc.*, 932 S.W.2d 118, 122 (Tex. App.—El Paso 1996, no writ). We overrule B.U.'s first issue.

In his seventh issue, B.U. argues that the trial court abused its discretion by ordering an award of attorney's fees as additional child support. But the trial court's final order did not award R.E.'s attorney's fees as additional child support. Instead, the $20,000 in attorney's fees were "taxed against [B.U.] as costs." We overrule B.U.'s seventh issue.

In his eighth issue, B.U. argues that the evidence is insufficient to support the $3,500 award for legal representation in the contempt enforcement suit. But a contempt judgment is not reviewable on ordinary appeal. *See Cadle Co. v. Lobingier*, 50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet. denied) (op. on reh'g); *see also In re Office of Att'y Gen. of Tex.*, 215 S.W.3d 913, 915–16 (Tex. App.—Fort Worth 2007, orig. proceeding). We overrule B.U.'s eighth issue.

In his ninth issue, B.U. complains that there is insufficient evidence to support the trial court's January 23, 2015 modification of its December 17, 2014 verbal order on attorney's fees because R.E. was not present at the hearing on January 23 and no additional evidence was submitted on that day.

At the December 17, 2014 trial, the trial court heard evidence, including testimony by R.E. and her attorney regarding the amount and reasonableness of the attorney's fees that R.E. had incurred in the case and testimony that such

00261-CV, 2003 WL 21476243, at *1 (Tex. App.—Fort Worth June 26, 2003, no pet.) (mem. op.).

fees would not have been incurred at all if B.U. had stuck with their original bargain or had been willing to come to a reasonable agreement. At the conclusion of the evidence, the trial court announced that it would award $20,000 in attorney's fees, payable as child support. B.U. did not object to the evidence or cross-examine R.E. or her attorney at trial, nor does he now challenge the sufficiency of the evidence to support the $20,000 as verbally awarded on December 17.

R.E. subsequently sought reconsideration of the attorney's fees award, requesting that the $20,000 be taxed as costs rather than additional child support, and the trial court granted R.E.'s motion on January 23. *See Tucker v. Thomas*, 419 S.W.3d 292, 293 (Tex. 2013). The January 23 hearing was on R.E.'s amended motion to reconsider attorney's fees with regard to the *legal* basis to support the attorney's fees award, not the sufficiency of the evidence to support them, and the trial court made clear that they were awarded after watching "the whole ugly, litigious, nonsensical nature of some of these battles and filings of [B.U.'s]."[6] Even assuming that this issue was properly raised and preserved for review, after considering the record in this case, we hold that the trial court's award of attorney's fees in the amount of $20,000 has sufficient evidentiary support. *See In re W.M.R.*, No. 02-11-00283-CV, 2012 WL 5356275,

---

[6]The trial court observed at the hearing's conclusion that the intent of the fee award was "to address the overwhelming number of frivolous positions and inappropriate arguments that were taken up by [B.U.] that forced [R.E.] to spend . . . more than a considerable amount of money."

at *14–15 (Tex. App.—Fort Worth Nov. 1, 2012, no pet.) (mem. op.). We overrule B.U.'s ninth issue.

Finally, in the remainder of his appellate brief and in numerous filings in this court, B.U. has asked for relief that this court cannot grant and has filed motions or documents that attempt to utilize procedures inappropriate to this forum of appellate review. Therefore, to the extent that B.U. has adequately briefed any of these unnumbered issues, *see* Tex. R. App. P. 38.1, we overrule them. To the extent that R.E. has requested any relief in response to B.U.'s filings that has not otherwise been addressed herein, we deny that relief as well. Having overruled all of B.U.'s issues and denied all of the motions filed in this case, we affirm the trial court's judgment.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL: WALKER, MEIER, and SUDDERTH, JJ.

DELIVERED: August 25, 2016