**Reversed and Remanded and Memorandum Opinion filed September 20, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00554-CV

---

## IN THE INTEREST OF C.Y.K.S., A CHILD

---

**On Appeal from the 247th District Court
Harris County, Texas
Trial Court Cause No. 2001-61475**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from the trial court's order setting aside for lack of jurisdiction the trial court's prior order modifying child support based on the trial court's conclusion that it lacked plenary power when it issued the prior order. On appeal, the child's father argues that the trial court erred in setting aside its prior order. We reverse and remand.

# I. FACTUAL AND PROCEDURAL BACKGROUND

The child's mother, appellee Shana Williams, filed an "Original Petition in Suit Affecting the Parent-Child Relationship" in December 2001. The filing was assigned cause number 2001-61475 in the trial court. Based on this petition, in August 2002, the trial court signed an "Order in Suit Affecting the Parent-Child Relationship," in which the trial court determined that appellant Christopher Spates is the father of the child, C.Y.K.S., and ordered Spates to pay $1,060.20 per month in child support beginning on September 1, 2002 (the "2002 Order").

Almost six years later, in June 2008, appellee the Office of the Attorney General of Texas (the "Attorney General") filed a "Motion for Enforcement of Child Support Order" (the "2008 Motion"). In this motion, the Attorney General alleged that Spates had a child-support arrearage in excess of $106,000 as of May 2008, and the Attorney General asked the trial court to confirm the arrearage, render judgment on the arrearage, hold Spates in contempt, and order income withholding. Though the Attorney General requested issuance of service of process on Spates in the 2008 Motion, nothing in the record reflects that service of process was effected on Spates as to the 2008 Motion.

More than a year later, in August 2009, the Attorney General filed another "Motion for Enforcement of Child Support Order" (the "2009 Motion"). In this motion, the Attorney General alleged that Spates had a child-support arrearage in excess of $129,000 as of August 2009, and the Attorney General asked the trial court to confirm the arrearage, render judgment on the arrearage, hold Spates in contempt, and order income withholding. In the 2009 Motion, the Attorney General requested issuance of service of process on Spates. Spates filed an answer to the 2009 Motion. In December 2009, the trial court signed an "Agreed Order Foreclosing Child Support Lien," to which Williams and Spates had agreed

("2009 Judgment"). In the 2009 Judgment, the trial court confirmed a child-support arrearage in the amount of $134,295.71 and rendered judgment against Spates and in favor of the Attorney General in the amount of $109,200, plus interest (the remainder of the arrearage after Williams released her share of $25,095.71). The order also foreclosed a child-support lien in Spates's non-exempt property in the possession of the United States Borders and Customs Protection Agency to satisfy the child-support judgment.

Several months later, in March 2010, Spates filed a "Counter[-]Petition to Modify Parent-Child Relationship" (the "2010 Petition"), asking the trial court to modify the 2002 Order to reduce Spates's child-support obligation. The record reflects that citation was served on Williams as to the 2010 Petition, and Williams filed an answer to this petition. Spates filed an amended petition to modify the 2002 Order entitled "First Amended Petition to Modify Parent-Child Relationship."

In October 2010, Spates's lawyer withdrew as counsel of record. Then, on January 11, 2011, the trial court issued an order stating: "Mtn. Enf. Application was filed on 6-10-08. The above number cause [sic] is here now [sic] dismissed for want of prosecution by request of moving party / court ordered." ("2011 Dismissal Order").

Nearly four years later, on December 22, 2014, a hearing was held on Spates's 2010 Petition. The presiding judge noted that the petition, entitled "Counter-Petition to Modify Parent-Child Relationship" was in substance an original petition to modify child support. The trial judge also stated that the Attorney General had filed a motion for enforcement in August 2014, that Williams had filed a counter-petition to modify in December 2014, and that these matters would be tried along with Spates's 2010 Petition.

3

The day after trial, the trial court signed an order holding Spates in contempt for failing to pay child support and rendering judgment against him for a child-support arrearage of $31,556.99. The trial court calculated this arrearage by modifying the monthly child-support payment from $1060.20 to $565.48. Williams challenged this order in a motion for new trial.

The trial court signed an order on February 13, 2015, adjudicating Spates's 2010 Petition and Williams's counter-petition ("Modification Order"). In this order, the trial court modified Spates's monthly child-support obligation from $1060.20 to $565.48, retroactive to April 2010. The Modification Order was a final order.

Williams filed a motion asking the trial court to declare the Modification Order void and to dismiss the modification case. Williams asserted that Spates filed the 2010 Petition as a counterclaim to the 2008 Motion and that in the 2011 Dismissal Order, the trial court dismissed the 2008 Motion and the 2010 Petition, which were never reinstated.

After conducting a hearing on Williams's and Spates's pending motions, the trial court signed an order setting aside and dismissing for lack of jurisdiction the Modification Order (the "2015 Dismissal Order"). Spates has filed a notice of appeal from the 2015 Dismissal Order.

## II.    APPELLATE JURISDICTION

The Attorney General contends that Spates filed his notice of appeal two days late and that he has not provided a reasonable explanation for the late filing. A motion for extension of time to appeal is implied if the appealing party files the notice of appeal within fifteen days of its due date, but the late-filing party still must offer a reasonable explanation for the late filing. *See Felt v. Comerica Bank*,

4

401 S.W.3d 802, 806 (Tex. App.—Houston [14th Dist.] 2013, no pet.). The trial court signed the 2015 Dismissal Order on May 28, 2015. Spates filed his notice of appeal from this order on June 29, 2015, thirty-two days after the judgment date.

Although the time period for filing the notice of appeal was within thirty days of May 28, 2015, the deadline for filing the notice of appeal was extended to Monday, June 29, 2015, because June 27, 2015 was a Saturday. *See* Tex. R. App. P. 4.1, 26.1. Therefore, Spates timely filed his notice of appeal, and this court has appellate jurisdiction to review the 2015 Dismissal Order. *See id.*

### III.   ISSUES AND ANALYSIS

Spates raises three issues on appeal: whether the trial court erred by (1) determining that the 2010 Petition had been dismissed; (2) vacating the Modification Order; and (3) refusing to hear Spates's motion for reconsideration and modification of the Modification Order. We address the first two issues together to determine whether the trial court correctly determined that its plenary power had expired and thus that it lacked jurisdiction over the 2010 Petition.

A trial court at any time may sign an order declaring a previous judgment or order to be void because it was signed after the court's plenary power had expired. *See* Tex. R. Civ. P. 329b(f). The trial court concluded that when it signed the Modification Order in February 2015, the trial court had lost plenary power to adjudicate the 2010 Petition. We must determine whether the trial court erred in coming to this conclusion and in setting aside the Modification Order for lack of jurisdiction.

This court gives effect to the substance of the 2010 Petition rather than its title or form. *See In re J.Z.P.,* 484 S.W.3d 924, 925 (Tex. 2016) (per curiam); *In re S.A.M.*, 321 S.W.3d 785, 788 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

5

The trial judge stated that the substance of the 2010 Petition was an original petition to modify Spates's child-support obligation. On appeal, the Attorney General and Williams agree that the substance of the 2010 Petition was not a counterclaim or crossclaim against any of the Attorney General's motions for enforcement. We conclude that the substance of the 2010 Petition and the amended petition to modify was an original petition to modify Spates's child-support obligation rather than a counterclaim or crossclaim against any of the Attorney General's motions for enforcement. *See id.*

The entire text of the 2011 Dismissal Order, which was signed by a visiting judge, reads: "Mtn. Enf. Application was filed on 6-10-08. The above number cause [sic] is here now [sic] dismissed for want of prosecution by request of moving party / court ordered." ("2011 Dismissal Order"). The 2011 Dismissal Order does not refer to the 2010 Petition or the amended version of this petition. In the 2011 Dismissal Order, the trial court did not state with unmistakable clarity that it was dismissing all claims filed in that cause number. Presuming that the 2011 Dismissal Order states that the "above-numbered cause" is dismissed for want of prosecution, the cause number stated in the 2011 Dismissal Order is the cause number of the 2002 Order, which, as required by statute, was also the cause number of each of the enforcement motions and modification petitions described above. *See* Tex. Fam. Code Ann. §102.013(a) (West 2014). In this context, it would not be reasonable to construe the reference to the "above-numbered cause" as a reference to each of the independent matters filed under this cause number because this construction would mean that the trial court was dismissing for want of prosecution the final 2002 Order, the 2009 Motion, and the 2009 Judgment. Under the circumstances, the only reasonable construction of the 2011 Dismissal Order is that the trial court dismissed only the 2008 Motion and did not dismiss the

6

2010 Petition or the amended version of this petition.[1] *See North East Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897 (Tex. 1966) (stating that an order dismissing a plaintiff's claims for want of prosecution will not be presumed to dismiss independent claims of the defendant).

On appeal, the Attorney General and Williams argue that the trial court could not have dismissed the 2008 Motion in the 2011 Dismissal Order because the 2008 Motion had been resolved in the 2009 Judgment. Even if the 2009 Judgment adjudicated the 2009 Motion and did not adjudicate the 2008 Motion, it still appears that the 2009 Judgment mooted the relief sought in the 2008 Motion. Nonetheless, the issue before us is not whether the trial court correctly dismissed the 2008 Motion for want of prosecution in the 2011 Dismissal Order. Rather, the issue is whether the 2011 Dismissal Order covers the 2010 Petition or Spates's amended petition to modify in addition to the 2008 Motion. For the reasons stated above, the only reasonable reading of the 2011 Dismissal Order is that the trial court dismissed only the 2008 Motion for want of prosecution. *See id*.

Because the trial court did not dismiss the 2010 Petition or Spates's amended petition to modify and because the record does not reveal any other basis for concluding that the trial court lacked jurisdiction or plenary power to render the Modification Order, the trial court erred in signing the 2015 Dismissal Order and in setting aside and dismissing for lack of jurisdiction the Modification Order. Accordingly, we sustain Spates's first and second issues.[2]

---

[1] Even if the substance of the 2010 Petition and the amended petition to modify were a counterclaim or crossclaim to the 2008 Motion, the trial court did not use language in the 2011 Dismissal Order that was sufficient to effect a dismissal of the 2010 Petition or the amended petition to modify. *See North East Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897 (Tex. 1966); *Legrand v. Niagra Fire Ins. Co.*, 743 S.W.2d 241, 242–43 (Tex. App.—Tyler 1987, no pet.).

[2] In his third issue, Spates asserts that the trial court erred in refusing to hear his motion for

## IV. CONCLUSION

Because the trial court reversibly erred in signing the 2015 Dismissal Order and in setting aside and dismissing for lack of jurisdiction the Modification Order, we reverse the 2015 Dismissal Order and remand for further proceedings consistent with this opinion.


/s/     Kem Thompson Frost
        Chief Justice


Panel consists of Chief Justice Frost and Justices Boyce and Wise.

---

reconsideration and modification of the Modification Order. But this motion challenged the trial court's Modification Order, and today's appeal is from the 2015 Dismissal Order setting aside the Modification Order. Therefore, we need not and do not address the third issue.