Opinion issued July 22, 2025



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00681-CV

_____

## IN THE INTEREST OF E. J. M. A/K/A E. J. M., A CHILD

---

**On Appeal from the 313th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-68548**

---

## MEMORANDUM OPINION

Donna Valverde appeals the trial court's order denying her all relief in a suit affecting the child parent relationship ("SAPCR"). Valverde fostered E.J.M. for a few months before E.J.M. was placed with foster parents in Louisiana who eventually adopted her. After E.J.M.'s removal from her care, Valverde filed numerous motions and attempts to intervene in the existing SAPCR and adoption

case. All of them were denied. Valverde also initiated court proceedings in Louisiana that were dismissed.

Eventually, Valverde filed her own SAPCR petition, alleging she had standing as fictive kin of E.J.M. After a hearing, the trial court issued an order that denied Valverde's request for relief, dismissed with prejudice her motion for a new trial in the adoption case and motion to consolidate the adoption and SAPCR, and assessed sanctions against Valverde and her attorneys. Valverde appeals from this order.

On appeal, Valverde argues that the trial court erred in proceeding with the termination of parental rights and adoption of E.J.M. without providing Valverde notice. She also argues that the lack of notice violates her due process rights. Finally, she asserts that the trial court erred in assessing sanctions against her and her attorneys. We affirm.

**Background**

E.J.M. was removed after birth from the care of her biological mother (hereinafter "Mother") and placed with Valverde. E.J.M. remained with Valverde from June 2020 until February 2021. In February 2021, E.J.M. was placed in Louisiana with foster parents who had adopted E.J.M.'s older siblings.

Since that time, Valverde has made several attempts to become the sole managing conservator of E.J.M. Valverde filed an original petition to terminate

2

Mother's parental rights in cause number 2020-78553 in Harris County. She then filed a petition in intervention in a SAPCR and motion for leave to intervene in cause number 2020-01300J. The Department of Family and Protective Services ("Department") moved to strike her intervention petition and motion on grounds that she lacked standing. A few weeks later, Valverde filed an affidavit of voluntary relinquishment of parental rights that she alleged was signed by Mother. The affidavit named Valverde as the child's managing conservator and "Guardian," even though the Department was the child's temporary managing conservator at the time. The court struck Valverde's petition in intervention in February 2021.

In April 2021, the trial court in cause number 2020-78533 granted the Department's motion to dismiss Valverde's original pleading due to lack of standing. The court terminated Mother's parental rights in June 2021.

Valverde appealed from the termination in cause number 01-21-00410-CV. She subsequently voluntarily dismissed her appeal. *In re E.J.M. aka E.J.M.*, No. 01-21-00410-CV, 2021 WL 3921352 (Tex. App.—Houston [1st Dist.] Sept. 2, 2021, no pet.) (mem. op.).

In June 2021, Valverde sought emergency temporary custody of E.J.M. in Louisiana. The Louisiana court dismissed her petition for lack of jurisdiction. In September 2021, Valverde filed a petition in intervention in Harris County, Texas

requesting to be named the child's sole managing conservator. She attached a voluntary relinquishment affidavit purportedly executed by Mother on March 2, 2021. The Department moved to strike the intervention, arguing that Valverde was still unable to meet time requirements for standing as a foster parent and that there were no live pleadings in which to intervene. The court granted the Department's request to strike.

Valverde then filed a notice of restricted appeal. Valverde's appeal was dismissed for want of jurisdiction. *In re E.J.M. aka E.J.M.*, No. 01-23-00682-CV, 2023 WL 8939270, at *1 (Tex. App.—Houston [1st Dist.] Dec. 28, 2023) (mem. op.).

In October 2022, Valverde filed an original petition in a SAPCR that underlies this appeal. She sought to be named E.J.M.'s permanent managing conservator, thereby modifying the June 2021 order that terminated Mother's parental rights and named the Department as permanent managing conservator. Valverde alleged standing based on Mother's affidavit of voluntary relinquishment pursuant to Section 102.003(a)(1) of the Texas Family Code. The Department filed an answer and alleged affirmative defenses of time bar pursuant to Texas Family Code 161.211 and laches.

E.J.M. was adopted on March 23, 2023. In April 2023, Valverde moved for consolidation, requesting that the SAPCR and adoption cases be consolidated. She

4

also moved for a new trial in the adoption. The court held a hearing on Valverde's motion for new trial in the adoption case and Valverde's motion to consolidate filed in the SAPCR. The court denied both motions. Valverde amended her petition twice more, and the adoptive parents also filed a special appearance, answer, and counterclaim, arguing that Valverde's petitions should be dismissed for lack of standing and requesting sanctions.

The court held a hearing on the motions. The court questioned Valverde's attorneys regarding their standing theories, the affidavit of voluntary relinquishment, and Valverde's due process rights. The court also questioned the adoptive mother, who confirmed her family was served with a lawsuit from Valverde in Louisiana, but the suit was dismissed for lack of jurisdiction. The adoptive mother testified that until a Louisiana trial court advised Valverde to stop, Valverde had followed and watched the family. Valverde repeatedly argued that she is a possessory conservator of E.J.M. because Mother signed an affidavit naming her so.

On August 24, 2023, the trial court denied all relief, including denying Valverde's motion for new trial in the adoption and dismissing with prejudice her motion to consolidate. The trial court issued sanctions against Valverde and her attorneys for advancing duplicitous and misleading actions before and after parental rights were terminated.

5

## Notice and Due Process

On appeal, Valverde asserts that the trial court erred by failing to give her notice of the termination of parental rights and adoption. She also argues that her due process rights were violated because she was a necessary party who did not receive notice of the litigation.[1] She states that the lack of notice means that the "mandated conservatorship of the child must be reversed and rendered that Valverde . . . was a safe and good environment for the child, is a conservator with the right to possess the child." App. Br. at 23. She later asks this court to "reverse and render a determination that, it is in the best interest of the child for [Valverde] to adopt E.J.M." *Id.* at 40.

### A.    Relevant Facts

At the June 2023 hearing, Valverde's counsel stated that the facts underlying his theory of standing had not changed after Valverde's prior pleadings were struck twice. He claimed that Valverde had standing because she filed an original suit versus seeking to intervene. He said that many of the allegations in her petition were the same as those in her denied intervention attempts.

When asked about the circumstances of Mother's affidavit, Valverde's counsel stated that there had never been any indication that the trial court had

---

[1]    We note that these two issues are nearly identical to the two issues she asserted in her appeal in *In re E.J.M. aka E.J.M.*, No. 01-23-00682-CV, 2023 WL 8939270, at *1 (Tex. App.—Houston [1st Dist.] Dec. 28, 2023) (mem. op.).

accepted the affidavit of relinquishment. He also conceded that Mother's attorney never advocated for the court to accept the affidavit. When asked, he responded that he was unaware of authority stating that an affidavit could be knowingly and voluntarily executed if a person signing it has known mental health and drug problems and is homeless. The court also questioned Valverde as to how she located Mother to have her execute the affidavit. Valverde responded that she went to a gas station where Mother was often found and eventually located her. She agreed that Mother had an attorney at that time. She continued to argue that she is a possessory conservator of E.J.M. because Mother signed an affidavit naming her so.

The court inquired as to how Valverde had been denied due process when she had participated in hearings, including before the termination of parental rights. Valverde's counsel responded that her pleadings were struck so she was unable to argue for affirmative relief. The trial court responded that Valverde had the ability to participate in the hearings and could have, but did not, appeal the court's decision to strike her intervention petitions.

Valverde's counsel admitted that Valverde is not a party to the adoption but argued that she still has a right to be notified of the adoption proceedings because she had filed a SAPCR. Counsel had no authority to support this position.

The court also questioned the adoptive mother, who confirmed that she had been served with a lawsuit from Valverde in Louisiana. Her counsel also related to the court that the suit was dismissed for lack of jurisdiction. The adoptive mother testified that Valverde had followed and watched her family before the court hearing dismissing the Louisiana petition. The Louisiana court advised Valverde to stop surveilling the adoptive family.

After closing arguments, the court signed a final order denying all Valverde's requests for relief.

## B.    Standard of Review

Standing is a prerequisite to subject-matter jurisdiction, which is essential to a court's power to decide a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). A trial court's standing determination is reviewed de novo. *In Re S.A.M.*, 321 S.W.3d 785, 788 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

## C.    Analysis

Valverde asserted standing under section 102.003(a)(10) of the Family Code. That section provides that an original suit may be filed at any time by "a person designated as the managing conservator in a revoked or unrevoked affidavit of relinquishment under Chapter 161 or to whom consent to adoption has been given in writing under Chapter 162." *See* TEX. FAM. CODE § 102.003(a)(10).

The trial court's order includes the following findings regarding the procurement of Mother's affidavit:

> During the TMC and PMC phases, the court considered Mother's affidavit and denied all relief Valverde sought based upon it. Significantly, neither Mother nor her attorney ever vouchered for the validity of the affidavit in court and the court terminated her parental rights on other grounds.
>
> The undisputed facts surrounding Valverde's procurement of Mother's affidavit show she and [her then-counsel] knew Mother was represented by counsel, failed to inform [Mother's] counsel that they were communicating with her client for the sole purpose of convincing her to sign a relinquishment affidavit naming Valverde as [E.J.M.]'s managing conservator. Further, they knew she was in dire straits and particularly vulnerable. . . . Although [Valverde's trial counsel] were not representing Valverde at the time, they knew or should have known Mother's affidavit was procured under suspicious circumstances and without her counsel's knowledge. Nevertheless, they continued to assert standing in post-mandate proceedings based on Mother's affidavit.
>
> . . . .
>
> At the April 24th hearing, the court expressed skepticism regarding Valverde's claim that Mother's affidavit provided a legal basis for her to continue litigating issues involving [E.J.M.]

At the hearing, Valverde's counsel argued that while the court had struck Valverde's petition to intervene in the SAPCR based on standing from the alleged voluntary relinquishment affidavit, Valverde could still file an original petition in the SAPCR based on the same affidavit.

A proponent of an affidavit of relinquishment bears the burden to establish by clear and convincing evidence that the affidavit was executed according to the

terms of Section 161.103 of the Family Code. *Vela v. Marwood*, 17 S.W.3d 750, 758 (Tex. App.—Austin 2000, pet. denied). In addition to the trial court's expressed doubts on the validity of the affidavit, the record reflects that the affidavit does not meet the requirements of Section 161.103. The affidavit listed Valverde as the child's guardian, even though E.J.M. had not been in Valverde's care for several months at the time it was signed. *See* TEX. FAM. CODE § 161.103(b)(3) (stating affidavit must name guardian of person and estate of child). The affidavit also incorrectly stated the child's age. *See id.* § 161.103(b)(2) (stating affidavit must contain child's name, age, and birth date).

The trial court did not err in concluding that Valverde had failed to establish by clear and convincing evidence that the affidavit was correctly executed. The affidavit was deficient, and Mother never sought to introduce the affidavit at trial or relied on it. The court heard evidence that cast doubt on the validity of the affidavit, including that Mother had no contact with her attorney before signing the affidavit and that she suffered from serious mental health problems.

The trial court did not err in denying relief to Valverde because she failed to establish that she had standing under section 102.003(a)(10).[2]

---

[2]     We note that the trial court previously struck Valverde's intervention petitions which asserted standing based on the same or very similar affidavit, and Valverde did not appeal that ruling.

**Sanctions**

Valverde contends that the trial court erred by sanctioning her and her attorneys. The trial court assessed $15,500 in sanctions against Valverde for violating Rule 13 of the Texas Rules of Civil Procedure and Chapter 10.001(1) of the Texas Civil Practice and Remedies Code.

**A.     Valverde does not have standing to challenge the sanctions levied against her counsel.**

Valverde challenges the trial court's sanctions against her counsel, but Valverde does not have standing to challenge sanctions levied against them. As we have stated, standing is implicit in subject-matter jurisdiction, and an appellate court lacks jurisdiction to review a ruling appealed by a person without standing. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). A person generally has standing to appeal a ruling only if the person is personally aggrieved by it. *Cf. Austin Nursing Ctr. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). An appealing party may not complain of errors that do not injuriously affect that party or that merely affect the rights of others. *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000).

The sanctions against Valverde's counsel do not injure Valverde, and they only affect Valverde's counsel's rights. Consequently, Valverde lacks standing to appeal them. *See J.Y. v. Tex. Dep't of Family and Protective Servs.*, No. 14-20-00835-CV, 2022 WL 1463738, at *4 (Tex. App.—Houston [14th Dist.] May 10,

11

2022, no pet.) (mem. op.) (holding appellant lacked standing to appeal sanctions ordered against her counsel). We decline to review the sanctions levied against Valverde's counsel.

**B.     The court did not err in sanctioning Valverde.**

We review the imposition of sanctions against Valverde for an abuse of discretion. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). A trial court abuses its discretion by "act[ing] without reference to guiding rule sand principles to such an extent that its ruling was arbitrary or unreasonable." *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 361 (Tex. 2014). "The trial court does not abuse its discretion if its bases its decision on conflicting evidence and some evidence supports its decision." *Unifund CCR Partners v. Villa*, 299 S.W.2d 92, 97 (Tex. 2009). We defer to the trial court's credibility decisions. *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014).

Rule 13 of the Texas Rule of Civil Procedure provides that signatures of attorneys or parties constitutes a certificate by them that they have read the pleading and that to the best of their knowledge and belief formed after reasonable inquiry—not groundless or brought in bad faith or for the purpose of harassment. TEX. R. CIV. P. 13; *Benavides v. Knapp Chevrolet, Inc.*, No. 01-08-00212-CV, 2009 WL 349813, at *4 (Tex. App.—Houston [1st Dist.] Feb. 12, 2009, no pet.) (mem. op.) (citing TEX. R. CIV. P. 13) (stating to secure sanctions under Rule 13,

12

evidence must show pleading is groundless and brought in bad faith or for purpose of harassment). The rule allows the court to sanction a party who makes statements in a pleading that they know to be groundless or false. TEX. R. CIV. P. 13.

Chapter 10 of the Texas Civil Practice and Remedies Code provides that the signature of an attorney or parties on a pleading or motion constitutes a certificate by them that, to the best of their knowledge, information, and belief formed after a reasonable inquiry, the instrument is not being presented for an improper purpose, is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law, and there is evidentiary support for each allegation or contention. TEX. CIV. PRAC. & REM. CODE § 10.001. "A court that determines that a person has signed a pleading or motion in violation of Section 10.001 may impose a sanction on the person, a party represented by the person, or both." *Id.* § 10.004.

There was ample evidence to support the trial court's sanctions award against Valverde. The evidence reflects that Valverde filed her October 19, 2022 SAPCR despite the court dismissing with prejudice her prior attempt to intervene. Valverde repeatedly mischaracterized her place in the proceedings, styling herself as a "respondent" when requesting a new trial in the adoption although she was not a party to that proceeding. The trial court heard evidence that despite knowing the court had refused to provide her the adoption cause number, Valverde persisted in

13

disingenuous methods to obtain it. Similarly, despite knowing Mother's mental and physical condition and that she was represented by counsel, Valverde did not inform Mother's attorney that she was talking to Mother to obtain an affidavit from her. Finally, there was evidence to support the trial court's sanctions for filing frivolous pleadings because Valverde filed multiple pleadings with allegations not supported by law or fact. Despite the trial court rejecting Valverde's reliance on Mother's affidavit, Valverde persisted in claiming that the flawed affidavit gave her standing. Valverde filed frivolous pleadings, including requests for restraining orders, despite having no knowledge of E.J.M.'s circumstances at the time she filed them. Valverde's original SAPCR petition, filed in October 2022, did not disclose that she had already attempted to intervene prior to the termination of parental rights, nor did it disclose that her intervention petition was struck. Finally, Valverde made false statements in pleadings, including claiming she was the child's guardian when she was not.

We conclude that the trial court did not err in concluding Valverde had engaged in conduct that was sanctionable under Rule 13 and Rule 10.001(1). *See* Tex. R. Civ. P. 13; Tex. Civ. Prac. & Rem. Code § 10.001(1).

## Conclusion

We affirm the judgment of the trial court.

Susanna Dokupil
Justice

Panel consists of Justices Guerra, Gunn, and Dokupil.