**Conditionally Granted in part, Denied in part, and Opinion Filed February 3, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00987-CV

### IN RE DAVID E. MARTIN, Relator

**Original Proceeding from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 07-1232-397**

## OPINION

Before Chief Justice Wright, Justice Lang, and Justice Brown
Opinion by Chief Justice Wright

This petition for writ of mandamus concerns a Suit Affecting the Parent Child Relationship (SAPCR) in which relator, the Father of the minor children, complains of the trial court's enforcement order and denial of Father's motion to dismiss. After reviewing relator's petition, the record, and the response of the real parties in interest, we conditionally grant the writ in part and deny in part.

### *Factual and Procedural Background*

Relator David Martin is the biological father of minor children A.M. and E.M. Father and the children's mother divorced in 2007. Mother and Father were named joint managing conservators for A.M. and E.M. In 2012, Mother was killed in a car accident. After Mother was killed, Father and the children's maternal grandparents (real parties in interest Jerry and Diane Byron) agreed to a November 5, 2012 judgment that designated Father as the sole

managing conservator. The agreed judgment also contains the following language regarding

Grandparents' access to A.M. and E.M.:

> The parties agree and the Court finds that Respondents Jerry Byron and Diane Byron shall be entitled to no less than 35 hours of unsupervised visitation per month with the children to be scheduled subject to the discretion and agreement of all parties.

> Further, the Court finds that Respondents Jerry Byron and Diane Byron shall have notice of all extracurricular activities of the children, including but not limited to, school schedules, sports schedules and other activities that the children are involved with.

In June 2015, Grandparents filed a petition to modify the parent–child relationship,

seeking to be appointed joint managing conservators with the right to designate the children's

primary residence and for Father to be appointed joint managing conservator with standard

visitation rights. Grandparents also filed a motion for enforcement, claiming Father had failed to

comply with the monthly visitation requirement and the notification requirement of the 2012

judgment. Father filed a motion to dismiss Grandparents' modification suit, claiming

Grandparents failed to meet the statutory requirements for general standing under section

102.003 of the family code. On January 11, 2016, the trial court signed (1) an order of

enforcement for possession, and (2) an order denying Father's motion to dismiss. In the order of

enforcement, the trial court found Father had violated the 2012 judgment and found Father in

contempt for those violations. The trial court also ordered Grandparents to receive additional

periods of possession "to compensate for the periods of possession denied" by Father.

Specifically, the trial court ordered Grandparents to have the right to possession of the children

on the first and third weekends of each month until further order of the court.

Father appealed the order of enforcement, and this Court dismissed the appeal for want of

jurisdiction. *See In the Interest of A.M. and E.M.*, No. 05-16-00437-CV, 2016 WL 3264470

(Tex. App—Dallas June 13, 2016, no pet.) (mem. op.) (courts of appeals lack jurisdiction to

review contempt orders on direct appeal; a party pursuing review of a contempt order that does not involve confinement may seek review through a petition for writ of mandamus). Father then filed this petition for writ of mandamus, alleging (1) the trial court abused its discretion by entering the order for enforcement because the 2012 judgment was not sufficiently clear and unambiguous to be enforced by contempt; (2) the trial court abused its discretion by awarding additional periods of possession outside of the parameters allowed by the family code in the enforcement order; (3) Grandparents lack standing to request conservatorship via modification of grandparent access order under Chapter 156 of the Texas Family Code; and (4) Father does not have an adequate remedy at law.

### *Availability of Mandamus Relief*

Ordinarily to obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). Contempt orders are not appealable and, as such, no adequate remedy by appeal exists. *In re Braden*, 483 S.W.3d 659, 662 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding). Contempt orders are reviewed by petition for writ of mandamus or petition for writ of habeas corpus. *See In the Interest of A.M. and E.M.*, 2016 WL 3264470, at *1 (party pursuing review of contempt order involving confinement may file petition for writ of habeas corpus or file a petition for writ of mandamus for review of contempt order that does not involve confinement). Here, the enforcement order does not order confinement and is, thus, reviewable by mandamus.

Mandamus is also an available means to review the denial of Father's motion to dismiss. The denial of a motion to dismiss based on lack of standing is generally considered an incidental ruling for which appeal is an adequate remedy. *See, e.g.*, *Zuffa, LLC v. HDNet MMA 2008 LLC*, 262 S.W.3d 446, 451 (Tex. App.—Dallas 2008, no pet.) (applying general rule in a non-SAPCR case). Due to the unique and compelling circumstances presented in a SAPCR action, however, we join our sister courts in holding that mandamus relief is also an appropriate remedy for an order denying a motion to dismiss for lack of standing in a SAPCR action. *In re McDaniel*, 408 S.W.3d 389, 396 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding) (mandamus relief is an appropriate remedy in a challenge to an order denying a motion to dismiss for lack of standing in a SAPCR case) (citing *In re Roxsane R.*, 249 S.W.3d 764, 775 (Tex. App.—Fort Worth 2008, orig. proceeding)); *see also In re Derzapf*, 219 S.W.3d 327, 334 (Tex. 2007) (orig. proceeding) (exceptional circumstances presented by challenge to temporary orders in suit for access to children support availability of mandamus review); *Geary v. Peavy*, 878 S.W.2d 602, 603 (Tex. 1994) (orig. proceeding) (mandamus review appropriate when trial court's jurisdiction is challenged in a proceeding involving child custody issues due to the unique and compelling circumstances presented in a custody dispute); *In re Shifflet*, 462 S.W.3d 528, 541–42 (Tex. App—Houston [1st Dist.] 2015, orig. proceeding) (no adequate remedy on appeal and mandamus proceeding appropriate to seek relief from order granting motion to dismiss intervention in SAPCR case for lack of standing); *In re Sandoval*, No. 04-15-00244-CV, 2016 WL 353010, at *2 (Tex. App.—San Antonio Jan. 27, 2016, orig. proceeding) (mem. op.) (mandamus review appropriate when trial court's jurisdiction is challenged in a proceeding involving child custody issues).

***Enforceability of 2012 Judgment by Contempt***

In his first and second issues, Father contends the trial court abused its discretion by (1) enforcing the 2012 judgment because it was not specific enough to be enforceable by contempt, and (2) awarding additional periods of possession outside the parameters of the family code. To be enforceable by contempt, a judgment must set out the terms for compliance in clear and unambiguous terms. *Ex parte Brister*, 801 S.W.2d 833, 834 (Tex. 1990) (orig. proceeding). The order must unequivocally command the duty or obligation that the person charged with contempt is accused of violating. *Ex parte Padron*, 565 S.W.2d 921, 921 (Tex. 1978) (orig. proceeding). It must be sufficiently specific such that the person charged with obeying the order will readily know exactly what duties and obligations are imposed by the order. *Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995) (orig. proceeding). If the court's order requires inferences or conclusions about whether particular conduct is encompassed by the order and concerning which reasonable persons might differ, the order is insufficient to support a judgment of contempt. *Id.* at 260. And, if the judgment enforces the instructions of a party, rather than the specific requirements of the court, a contempt order enforcing the judgment must be set aside. *Ex parte Brister*, 801 S.W.2d at 834–35 (holding that any contempt order rendered by a court must enforce the specific requirements of the court not the "cryptic instructions of a party given with the court's permission but without the certainty of detailed provisions of a decree").

Here, although the 2012 judgment is specific and clear regarding the amount of time Grandparents are entitled to visit with the children, the judgment does not set out when such visitation must occur. Rather, it allows for visitation only upon agreement of the parties. Consequently, it is not enforceable by contempt. *See id.* at 834 (judgment unenforceable that allowed modification of standard visitation with notice by father of his work schedule); *see also Roosth v. Roosth*, 889 S.W.2d 445, 452 (Tex. App—Houston [14th Dist.] 1994, writ denied) (father's visitation subject to agreement of mother not enforceable by contempt). Because the

–5–

2012 judgment is not enforceable by contempt, the trial court abused its discretion in rendering the enforcement order and that order should be vacated. We, therefore, need not address Father's second issue regarding the trial court's award of additional periods of possession to compensate for Father's violation of the 2012 judgment.

### *Standing*

In his third and fourth issues, Father contends the trial court abused its discretion by denying his motion to dismiss Grandparents' petition for modification because they lack standing to modify conservatorship. In particular, Father claims that because the 2012 judgment awarded him sole managing conservatorship, and Grandparents do not have any enforceable rights under the order, Grandparents lack standing to modify conservatorship. Grandparents respond that they have standing to modify the 2012 judgment under section 156.002(a) of the family code.

Section 156.001 of the family code provides that a court with continuing exclusive jurisdiction may modify an order that provides for the conservatorship, support, or possession of or access to a child. TEX. FAM. CODE ANN. § 156.001 (West 2014). Section 156.002(a) provides a "party affected by an order may file a suit for modification in the court with continuing, exclusive jurisdiction." TEX. FAM. CODE ANN. § 156.002(a) (West 2014).

The parties do not dispute that Grandparents were parties to the 2012 judgment, and the judgment recites that "respondents, Jerry Byron and Diane Byron, appeared in person and through attorney of record . . . ." To have standing, however, Grandparents must not only be parties to the order, but also be affected by the order. *In re S.A.M.*, 321 S.W.3d 785, 790 (Tex. App—Houston [14th Dist.] 2010, no pet.). Although the term "affected" is not defined by statute, the term is not ambiguous. *Id.* at 791. The plain and ordinary meaning of "affect" is "to produce an effect upon." *Id.* (quoting *Affect,* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1993 ed.)). Here, the agreed order awards Grandparents the right to 35 hours

visitation and the right to be notified regarding extracurricular activities. Thus, it clearly affects Grandparents. Because Grandparents are parties to a judgment that affects them, Father's contention that Grandparents lack standing under section 156.002 of the family code lacks merit.

### *Right of Parental Presumption*

Father also contends in his third issue that allowing Grandparents to pursue this matter denied Father his right of parental presumption. Father's argument under this issue rests on Texas precedent holding that a court cannot order a grandparent to have access when there is no evidence that the child's parent is unfit, no evidence that the child's health or emotional well-being will suffer if the court defers to the parent's decisions, and no evidence that the parent intended to exclude the grandparent's access completely. *See In re Mays-Hooper*, 189 S.W.3d 777, 778 (Tex. 2006). Here, Grandparents sought to modify an existing agreed order for possession, alleged the circumstances of the children have materially and substantially changed since the date of the rendition of the order to be modified, and argued that the children's present circumstances would significantly impair the children's health or emotional development. *See In re M.P.B.*, 257 S.W.3d 804, 812 (Tex. App.—Dallas 2008, no pet.) ("the parental presumption does not apply in a modification proceeding"). However, the trial court has not yet modified the 2012 judgment and the record has not yet been developed regarding the factors to be considered for modification. Therefore, Father's complaints regarding the legal presumption that it is in the children's best interest to be raised by a natural parent are not yet ripe.

### *Conclusion*

Because we conclude that the trial court abused its discretion by enforcing the 2012 judgment by contempt, we conditionally grant relator's petition for writ of mandamus in part and direct the trial court to vacate the January 11, 2016 enforcement order. We deny relator's petition for writ of mandamus as to the trial court's denial of relator's motion to dismiss

Grandparents' motion to modify. A writ will issue only in the event the trial court fails to issue the order as directed herein within fifteen days of the date of this opinion. Because we assume the trial court will comply with this opinion, we direct the Clerk of this Court not to issue the writ of mandamus unless information is received that the district court has not so complied.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

160987F.P05