**Opinion filed October 24, 2019**



# In The

# Eleventh Court of Appeals

_____

## No. 11-19-00204-CV

_____

## IN RE SCHLUMBERGER TECHNOLOGY CORPORATION AND THE DOW CHEMICAL COMPANY

### Original Mandamus Proceeding

## D I S S E N T I N G   M E M O R A N D U M   O P I N I O N

Mandamus is not a tool to be used lightly. Rather, it is reserved for extraordinary situations where a litigant is left without an adequate remedy at law, such as an appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). "[M]andamus will not issue when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family & Protective Servs.*, 210 SW.3d 609, 613 (Tex. 2006) (orig. proceeding).

In this original proceeding, Relators Schlumberger Technology Corporation and the Dow Chemical Company ask that we use this extraordinary remedy to direct the Honorable Jeffrey Todd Robnett to withdraw his order denying Relators' motion to dismiss Real Parties in Interest's claims and to enter an order dismissing the claims. However, the denial of a motion to dismiss is generally an incidental, interlocutory ruling by the trial court that will not be corrected by mandamus. *In re Barnett Gathering, L.P.*, No. 11-09-00351-CV, 2010 WL 747683, at *1 (Tex. App.—Eastland Mar. 5, 2010, orig. proceeding [mand. denied]) (per curiam) (mem. op.); *see also In re Martin*, 523 S.W.3d 165, 169 (Tex. App.—Dallas 2017, orig. proceeding). Indeed, the Texas Supreme Court has recognized that review of such "incidental, interlocutory rulings" by a trial court "unduly interferes with trial court proceedings, distracts appellate court attention to issues that are unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and adds unproductively to the expense and delay of civil litigation." *In re Prudential*, 148 S.W.3d at 136. I believe this court, which has appellate jurisdiction over twenty-eight counties, should be particularly cautious about interfering with such rulings by a trial court.

The majority recognizes that this case presents a "unique factual and procedural history." In other words, our opinion in this proceeding is not going to impact the "uniform development of the law." Further, Relators have other procedural avenues available to them to pursue the dismissal of the claims against them. Finally, the possibility that Relators "will be forced to endure the 'hardship' of a full-blown trial" in the absence of relief by mandamus is "in itself, not sufficient to dictate mandamus relief." *In re Entergy Corp.*, 142 S.W.3d 316, 321 (Tex. 2004) (orig. proceeding).

In my opinion, Relators have not established that this is one of the extraordinary situations in which we should grant relief by mandamus. Therefore, I respectfully dissent from the majority's decision to conditionally grant the petition for writ of mandamus.

KEITH STRETCHER

JUSTICE

October 24, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.