**REVERSE; RENDER and REMAND and Opinion Filed April 30, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-18-01324-CV**

**IN THE INTEREST OF D.D.A., A MINOR**

**On Appeal from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-17-03029**

## MEMORANDUM OPINION
Before Justices Molberg, Reichek, and Evans
Opinion by Justice Evans

D.D.A.'s paternal grandmother, representing herself without an attorney, brings this appeal challenging the trial court's order granting a plea to the jurisdiction and dismissing her suit to modify non-parent conservatorship because she lacked standing. No appellees' brief has been filed. For the reasons set forth below, we conclude the trial court erred in determining appellant lacked standing to bring her suit. Accordingly, we reverse the trial court's order, render judgment denying the plea to the jurisdiction, and remand this case to the trial court for further proceedings consistent with this opinion.

# BACKGROUND

This appeal involves three separate suits affecting parent-child relationship (SAPCR) regarding the child D.D.A. The first suit was brought by the Texas Department of Family and Protective Services in the 323rd Judicial District Court of Tarrant County seeking, among other things, termination of Mother's and Father's parental rights to D.D.A. After a jury trial, however, only Father's parental rights were terminated.

Although not entirely clear, it appears a second case was subsequently initiated to modify orders in that case. On July 7, 2015, the presiding judge of the 323rd signed an "Order Modifying Managing Conservatorship" in cause number 323-97474J-12 replacing the Department with D.D.A.'s great aunt and great uncle as his managing conservators.[1] The July 7 order also named Mother as D.D.A.'s possessory conservator, giving her a minimum of two supervised visits per month "at the discretion of the Managing Conservator(s)." Finally, the July 7 order provided in relevant part:

Dismissal of Other Court-Ordered Relationships

> Except as otherwise provided in this order, any other existing court-ordered relationships with the child the subject of this suit are hereby terminated and any parties claiming a court ordered relationship with the child are dismissed from this suit.

---

[1] Although this order is not in the clerk's record, the trial court's order granting the plea to the jurisdiction and dismissing appellant's suit makes reference to the order. Appellant has also included a copy of the court order in the appendix to her brief.

<u>A PARTY AFFECTED BY THIS ORDER HAS THE RIGHT TO APPEAL.</u>

Appellant was not a named party to this order, nor did she file a petition in intervention in the lawsuit filed by the Department from which this July 7, 2015 order arose.

Appellant did, however, file a separate suit in the same district court in Tarrant County under cause number 323-100117-14 seeking to terminate Mother's parental rights and adopt D.D.A.[2]  The trial court initially dismissed appellant's suit for lack of standing.  But a divided panel of the Fort Worth Court of Appeals reversed the trial court's dismissal and remanded the case to the trial court.  *See In re D.A.*, No. 02-14-00265-CV, 2015 WL 510255 at *3 (Tex. App.—Fort Worth Feb. 5, 2015, no pet.) (mem. op.).   On remand, the trial court held a hearing on appellant's petition for termination and adoption.  Immediately thereafter, the court signed a judgment dismissing appellant's lawsuit, but granting her a minimum of one supervised visit per month with D.D.A.   This order is also dated July 7, 2015, the same date as the order modifying managing conservatorship in the Department's lawsuit.[3]  Appellant attempted to appeal the July 7 order dismissing her suit, but the Fort Worth Court of

---

[2] The record does not indicate when appellant originally filed this suit, but according to the cause number, it appears to have been filed in 2014.

[3] This order does not appear in our clerk's record.  Appellant has attached a copy of it to her brief in the appendix.  Nevertheless, in an appendix to her appeal for de novo review by the 330th District Court of the associate judge's order dismissing her case, appellant attached a transcript of proceedings in the 323rd District Court in which she was interrogated by that trial court and opposing counsel on the basis that she had agreed to one visit per month in the July 7 order by signing it.  So the content of the order is not in dispute.

Appeals dismissed the appeal for want of jurisdiction because the notice of appeal was untimely filed. *See In re D.A.*, No. 02-15-00346-CV, 2015 WL 9244637 at*1 (Tex. App.—Fort Worth, Dec. 17, 2015, no pet.) (mem. op.).

Two years later, in June 2017, appellant filed a third suit in the 330th Judicial District Court in Dallas County.[4] This is the suit from which this appeal arises. Entitled "Motion to Modify Non-Parent Conservatorship," appellant sought to be named managing conservator of D.D.A. Appellant alleged she was a party that had been substantially affected by the July 7, 2015 orders and that the modification was necessary because "the child's present circumstances would significantly impair the child's physical health or emotional development."

In September 2018, D.D.A's then managing conservators, his great aunt and great uncle, filed a plea to the jurisdiction and motion to dismiss appellant's Dallas lawsuit for lack of jurisdiction alleging that appellant lacked standing. Appellant filed a response to the motion. An associate judge heard the motion on September 24, 2018. Appellant appeared by telephone. The associate judge signed an order granting the plea and dismissing appellant's suit. Appellant filed a request for de novo review that was denied on October 17, 2018. This appeal followed.

---

[4] The presiding judge in 323rd district court in Tarrant County granted appellant's motion to transfer venue to Dallas County in cause number 323-100117-14 in a petition for a protective order appellant filed in Dallas County on February 13, 2017 based on D.D.A.'s current residence.

## ANALYSIS

In her first issue, appellant generally contends the trial court erred in dismissing her suit for lack of standing. "Standing is a component of subject matter jurisdiction and a constitutional prerequisite to maintaining a lawsuit under Texas law." *In re M.P.B.*, 257 S.W.3d 804, 808 (Tex. App.—Dallas 2008, no pet.). As the person asserting standing, appellant had the burden to allege and prove the applicable statute conferring standing. *See In re S.M.D.*, 329 S.W.3d 8, 12–13 (Tex. App.—San Antonio 2010, pet. dism'd.). Appellant argues she has standing under sections 102.004(a)(1) and 156.002 of the Texas Family Code.[5] *See* TEX. FAM. CODE ANN. §§ 102.004(a)(1); 156.002. After reviewing the record, we conclude appellant established standing under section 156.002.

In addressing a plea to the jurisdiction, the trial court must consider evidence and review the merits of the legal claims only to the extent necessary to determine whether it possesses subject matter jurisdiction over the case. *See In re I.I.G.T.*, 412 S.W.3d 803, 806 (Tex. App.—Dallas 2013, no pet.). Where, as here, the trial court makes no separate findings of fact or conclusions of law, we imply all necessary findings in support of the judgment that are supported by the record and review the

---

[5] In her appellate brief, appellant relies on 156.002(b) rather than 156.002(a), although she did assert subsection (a) as a basis for standing in her petition and in her response to the plea to the jurisdiction.

implied findings for legal and factual sufficiency.[6] *Id.* We review de novo the trial court's implied conclusions of law. *Id.*

Section 156.001 of the family code provides that a court with continuing, exclusive jurisdiction may modify an order providing for the conservatorship, support, or possession of or access to a child. FAM. CODE § 156.001. In relevant part, section 156.002 of the family code further provides that a party affected by an order may file a suit for modification in the court with continuing, exclusive jurisdiction. *Id.* § 156.002(a). In *In re Martin*, this Court held that grandparents who had obtained an order giving them the right to thirty-five hours of monthly visitation and the right to be notified regarding extracurricular activities had standing under section 156.002(a) to proceed with their petition to modify the parent-child relationship, seeking to be named joint managing conservators with the right to designate their grandchild's primary residence. 523 S.W.3d 165, 170 (Tex. App.— Dallas 2017, no pet.). This Court reasoned that there was no dispute that the grandparents were "parties" to the 2012 judgment they sought to modify and they were "affected" by the order because they were awarded visitation and the right to be notified regarding their grandchild's activities. *Id.*

The question here is whether appellant, like the grandparents in *Martin*, is likewise a party affected by an order. In her petition, appellant alleged she is a party

---

[6] Appellant requested findings of fact and conclusions of law on October 22, 2018. Our record, however, contains no findings and there is nothing to reflect that appellant filed a notice of past due findings pursuant to rule 297 of the Texas Rules of Civil Procedure.

that has been substantially affected by the July 7, 2015 orders and sought to modify the orders by her petition seeking to modify non-parent conservatorship of D.D.A. Although not technically a party to the order naming the great aunt and great uncle as D.D.A.'s managing conservators, appellant was a party to the order in cause number 323-100117-14 entered the very same day, July 7, 2015, by the same trial court in her own lawsuit involving the same child. That order dismissed her lawsuit, but it also provided appellant with a minimum of one visit per month with D.D.A. While the two orders were rendered in separate cause numbers–one naming managing conservators and the other giving appellant access rights to the child–we conclude that given the unique procedural posture of this case, and when viewed together as they must, the orders reflect that appellant is a party who is affected by the orders. *See In re Martin*, 523 S.W.3d at 170. In addition, the case with the order providing appellant one visit per month was the case the district court in Tarrant County ordered transferred to Dallas County. Accordingly, appellant had standing to proceed with her modification suit pursuant to section 156.002(a) of the family code. Our resolution of this appeal on this basis makes it unnecessary to address appellant's other standing arguments.

## CONCLUSION

Based on the record before us, we conclude appellant has standing to file a suit for modification. We reverse the trial court's order granting appellees' plea to the jurisdiction and dismissing appellant's modification suit, render judgment

–7–

denying the plea, and remand this case to the trial court for further proceedings consistent with this opinion.

/David Evans/
DAVID EVANS
JUSTICE

181324F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF D.D.A., A MINOR

No. 05-18-01324-CV

On Appeal from the 330th Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-17-03029. Opinion delivered by Justice Evans, Justices Molberg and Reichek participating.

In accordance with this Court's opinion of this date, the order of the trial court granting appellees' plea to the jurisdiction and dismissing appellant's suit is **REVERSED** and judgment is **RENDERED** that appellees' plea to the jurisdiction is denied. We **REMAND** this case to the trial court for further proceedings consistent with our opinion.

It is **ORDERED** that appellant Melinda Coffelt recover her costs of this appeal from appellees Stacia Hartfield and Albert Hartfield.


Judgment entered April 30, 2020