**Writ Conditionally Granted and Opinion Filed January 20, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00763-CV**

**IN RE: M.T-G., a Child**

**Original Proceeding from the 304th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JC-19-01074-W**

## MEMORANDUM OPINION

Before Justices Schenck, Nowell, and Garcia
Opinion by Justice Nowell

Relators, C.A.D. and M.L.D. (Foster Parents), seek a writ of mandamus to order the trial court to vacate its order striking their petition to intervene in a suit affecting the parent-child relationship (SAPCR) regarding M.T-G. The Texas Department of Family and Protective Services (Department) filed the SAPCR under Subtitle E, Title 5 of the family code seeking termination of the parental rights of Mother and Father (Parents) to M.T-G. We conclude the trial court abused its discretion in applying the Texas Supreme Court's Fortieth Emergency Order Regarding the COVID-19 State of Disaster to suspend the time for Foster Parents to establish standing to intervene. We conditionally grant the petition for a writ of mandamus.

## Background

According to its petition and supporting affidavit in the SAPCR, the Department received multiple referrals regarding Mother's use of drugs and violent and suicidal behavior while she was pregnant with M.T-G. Mother tested positive for cocaine at the hospital when she arrived to deliver the child. The child also tested positive for cocaine. M.T-G. was born 6 weeks premature and required respiratory support and a feeding tube. She remained in the hospital for almost three months before being discharged in September 2019.

The Department alleged that Mother's long history of suicidal ideations and substance abuse demonstrates her inability to properly care for the child and make decisions in the child's best interest. Mother admitted to drinking alcohol and using cocaine, which caused her to go into premature labor. Father admitted a history of using cocaine and struggling with alcohol addiction. Although he had been sober for two years, when confronted with a positive test for cocaine he admitted to relapsing and using cocaine when Mother went into premature labor. After the child was discharged from the hospital, law enforcement was contacted due to an altercation between Mother and Father. Father reported previous incidences of domestic violence with Mother being the aggressor.

The Department determined the child was not safe in the care of the parents and removed the child on October 14, 2015. The Department filed this SAPCR and placed the child with Foster Parents on October 15, 2019.

Foster Parents filed a petition in intervention on January 29, 2021. They sought termination of the parental rights of both parents and appointment as joint permanent managing conservators of the child. Six months later, the parents filed a motion to strike Foster Parents' intervention based solely on the ground that the current supreme court emergency order regarding the COVID-19 state of disaster suspended the time necessary for Foster Parents to establish standing to intervene in this case. The trial court conducted a hearing on the motion to strike on September 2, 2021.[1] The court agreed with the parents and granted the motion to strike the intervention. The court signed an order granting the motion to strike on October 5, 2021.

Afterwards, Foster Parents filed this petition for writ of mandamus to vacate the order granting the motion to strike the petition in intervention. While the petition was pending, the trial court ruled the Department could place the child with relatives in Mexico. Foster Parents filed a motion for emergency relief requesting this Court to stay the order. We granted the motion for emergency relief on September 28, 2021, stayed the order allowing placement of the child in Mexico, and requested a response from the real parties in interest. Only the Department filed a response.

Foster Parents raise one issue in their petition. They contend the trial court abused its discretion by striking their intervention because the Texas Supreme

---

[1] The record shows that Foster Parents have had possession of the child since October 15, 2019, through at least the date of the hearing on the motion to strike, September 2, 2021.

Court's Fortieth Emergency Order Regarding the COVID-19 State of Disaster (Emergency Order) provides that the deadlines and procedures in suits under Subtitle E, Title 5 of the family code "must not be modified or suspended" and this proceeding was filed pursuant to Subtitle E, Title 5.

**Mandamus Standard**

Mandamus is an extraordinary remedy that is available only when the trial court has clearly abused its discretion and there is no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36, 137 (Tex. 2004) (orig. proceeding). A clear abuse of discretion occurs when a trial court "reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A trial court has no discretion in determining what the law is or applying the law to the facts. *Id.* Therefore, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in appellate reversal by extraordinary writ. *Id.* at 840.

Standing is a component of subject matter jurisdiction and is a constitutional prerequisite to maintaining a lawsuit under Texas law. *In re M.K.S.–V.*, 301 S.W.3d 460, 463 (Tex. App.—Dallas 2009, pet. denied). Thus, it may be raised for the first time on appeal by the parties or by the court. *Texas Ass's of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex. 1993). Whether a party has standing to seek

relief in a suit affecting the parent-child relationship is governed by the Texas Family Code. *In re E.G.L.*, 378 S.W.3d 542, 547 (Tex. App.—Dallas 2012, pet. denied).

A person seeking conservatorship of a child must have standing to bring suit. *In re I.I.G.T.*, 412 S.W.3d 803, 805–06 (Tex. App.—Dallas 2013, no pet.). Standing in SAPCRs is governed by the family code, and a party bringing a SAPCR must plead and establish standing under the family code's provisions. *M.K.S.–V.*, 301 S.W.3d at 464. Intervention in a pending SAPCR is governed by specific provisions of the family code. *See* TEX. FAM. CODE § 102.004(b).

### Discussion

To intervene in the SAPCR, Foster Parents were required to establish statutory standing under the family code. *See* TEX. FAM. CODE § 102.004(b). Under this section, the trial court may permit a grandparent or other person deemed to have had substantial contact with the child leave to intervene in a pending suit if there is satisfactory proof that appointment of one or both parents as managing conservator would significantly impair the child's physical health or emotional development. *Id*. Foster parents may only be granted leave to intervene if they would also have standing to file an original suit. *Id*. § 102.004(b-1). A foster parent has standing to file an original suit if the child has been placed in their home "for at least 12 months ending not more than 90 days preceding the date of the filing of the petition." *Id*. § 102.003(a)(12).

The supreme court issued the Emergency Order on July 19, 2021. Paragraph 3 of that order states:

> Subject only to constitutional limitations, all courts in Texas may in any case, civil or criminal, without a participant's consent:
>
> a. *except as provided in paragraph 4*, modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, for a stated period ending no later than October 1, 2021 . . . .

Supreme Court of Texas, Fortieth Emergency Order Regarding the COVID-19 State of Disaster, Misc. Docket No. 21-9079, 629 S.W.3d 911(Tex. 2021) (emphasis added).

The Parents argued in the motion to strike that this provision suspended the running of the 12-month-placement requirement for Foster Parents to establish standing under family code section 102.003(a)(12). The trial court agreed. The record of the hearing shows that the only ground argued and the basis for the trial court's ruling was the asserted suspension of the 12-month-placement requirement by the Emergency Order.

However, paragraph 3 of the Emergency Order is subject to paragraph 4 of the order. Paragraph 4 provides:

> In any proceeding under *Subtitle E, Title 5 of the Family Code*, all deadlines and procedures *must not be modified or suspended*, unless permitted by statute, except the dismissal date may be extended as follows: . . . .

*Id*. ¶ 4 (emphasis added).

The Department's petition in this case was filed under family code section 262.105, which is part of Subtitle E, Title 5 of the family code. *See* TEX. FAM. CODE § 262.105. Thus, paragraph 4 of the Emergency Order, not paragraph 3, applies to this case. Paragraph 4 provides that deadlines and procedures, except the dismissal date, in proceedings under Subtitle E, Title 5 of the family code "must not be modified or suspended, unless permitted by statute." Thus, the 12-month-placement requirement for Foster Parents to establish standing was not suspended by the Emergency Order. We conclude the trial court abused its discretion by failing to apply the law correctly to this case. *See Walker*, 827 S.W.2d at 839.

The Department agrees that the Emergency Order did not suspend the 12-month-placement requirement but argues the trial court did not abuse its discretion because there are other grounds for striking the intervention. Specifically, the Department argues that the Foster Parents did not present satisfactory proof that appointment of the Parents as sole or joint managing conservators would significantly impair the child's physical health or emotional development.[2]

In its petition, the Department is seeking termination of the parental rights of Mother and Father based on their long history of cocaine and alcohol abuse, family violence, Mother's suicidal ideations, her inability to properly care for the child and

---

[2] The Department also argues there was no showing of substantial past contact with the child and Foster Parents did not request leave to file the petition in intervention. Neither of these grounds was raised in the trial court.

to make decisions in the child's best interest. Clear, deliberate, and unequivocal assertions of fact in live pleadings are regarded as judicial admissions. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 905 (Tex. 2000) (holding judicial admissions in plaintiff's petition established that defendant was health care provider); *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983) (holding assertions of fact, not pled in alternative, in live pleadings are regarded as formal judicial admissions and any fact admitted is conclusively established in case without introduction of pleadings or presentation of other evidence). A judicial admission "'not only relieves [an] adversary from making proof of the fact admitted but also bars the party himself from disputing it.'" *Horizon/CMS Healthcare*, 34 S.W.3d at 905 (quoting *Chilton Ins. Co. v. Pate & Pate Enters., Inc.*, 930 S.W.2d 877, 884 (Tex. App.—San Antonio 1996, writ denied)). Further, we presume the trial court has judicial notice of the contents of its own records in a case even in the absence of a request, because "[a] trial judge judicially knows what has previously taken place in the case on trial." *Asplundh Tree Expert Co. v. Abshire*, 517 S.W.3d 320, 344 n.13 (Tex. App.—Austin 2017, no pet). We cannot say at this point that the record fails to show proof of the significant impairment requirement.

More importantly, however, this ground was never raised in the motion to strike the intervention or at the hearing on the motion. Thus, we do not know how the trial court would have exercised its discretion had it considered the remaining grounds for intervention under section 102.004(b). Nor were Foster Parents given

–8–

an opportunity to respond and make the showing required by that section. While in general we may affirm a trial court order if it is correct on any legal theory *applicable to the case*, we will not affirm the trial court's order based on a legal theory not presented to the trial court and to which the other party had no opportunity to respond. *Ethicon Endo-Surgery, Inc. v. Gillies*, 343 S.W.3d 205, 210–11 (Tex. App.—Dallas 2011, pet. denied); *Victoria Gardens of Frisco v. Walrath*, 257 S.W.3d 284, 290 (Tex. App.—Dallas 2008, pet. denied). We agree the burden is on Foster Parents to make the showing required by section 102.004(b), but at this juncture the trial court has not considered that showing or exercised its discretion based on a fully developed record. Because standing was not challenged on any ground other than the suspension of the placement requirement by the Emergency Order, we decline to consider other grounds not raised in the trial court.

Finally, the Department argues that Foster Parents have an adequate remedy by appeal from a final judgment. The Texas Supreme Court has held that mandamus review is appropriate when the trial court's jurisdiction is challenged in a proceeding involving child custody issues. *See Geary v. Peavy*, 878 S.W.2d 602, 603 (Tex. 1994) (orig. proceeding). Due to the unique and compelling circumstances presented in a SAPCR action, mandamus relief is an appropriate remedy for an order denying or granting a motion to dismiss for lack of standing in a SAPCR action. *In re Martin*, 523 S.W.3d 165, 169 (Tex. App.—Dallas 2017, orig. proceeding); *In re Shifflet*, 462 S.W.3d 528, 541–42 (Tex. App—Houston [1st Dist.] 2015, orig. proceeding) (no

adequate remedy on appeal and mandamus proceeding appropriate to seek relief from order granting motion to dismiss intervention in SAPCR case for lack of standing).

In this case, the trial court's jurisdiction over Foster Parents' petition in intervention, which sought custody of the child, was challenged by the parents' motion to strike the intervention. In this context, we conclude Foster Parents do not have an adequate remedy by appeal.

## Conclusion

We conditionally grant the petition for writ of mandamus. We order the trial court to vacate its order of October 5, 2021 striking the Foster Parents' petition in intervention. We vacate the stay granted in our September 28, 2021 order. The writ will issue only in the event the trial court fails to comply with this opinion and the order of this date.

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

210763f.p05