**Writ Conditionally Granted and Opinion Filed February 17, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00768-CV**

**IN RE C.D., F.D. AND L.D., Children**

**Original Proceeding from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-19-12390**

## MEMORANDUM OPINION
Before Justices Schenck, Nowell, and Garcia
Opinion by Justice Schenck

In this original proceeding, relators, T.S.T. and R.M.M., the foster parents of C.D., F.D, and L.D., challenge the trial court's order striking their petition in intervention in the underlying parental-termination proceeding, urging the trial court erroneously concluded that the 12-month placement rule to establish a foster parent's standing to intervene was tolled under a Texas Supreme Court's emergency orders regarding the COVID-19 state of disaster. We issued an order staying the trial of this suit affecting the parent–child relationship pending resolution of this original proceeding and requested a response to the petition. The Texas Department of Family and Protective Services (the "Department") responded; the parents did not. In its response, the Department asserted the petition is moot because the trial court

lost jurisdiction of the underlying case before it issued the challenged order. After reviewing the parties' briefs and the mandamus record, we conclude nothing indicates the trial court ever lost jurisdiction to rule on relators' petition in intervention and the trial court abused its discretion in applying the Texas Supreme Court's emergency orders regarding the COVID-19 state of disaster to suspend the time for relators to establish standing to intervene. Accordingly, we conditionally grant the petition for writ of mandamus.

## BACKGROUND

On July 3, 2019, the Department filed petitions seeking to terminate the parental rights of the Mother and Father of C.D., F.D., and L.D. On the same day, the trial court entered ex parte orders appointing the Department as temporary managing conservator of the children. The children were placed in relators' home in July or August of 2019.

On March 19, 2020, the trial court consolidated the cases. On December 3, 2020, relators filed a petition in intervention seeking, in part, termination of the parental rights of both parents and appointment as joint permanent managing conservators of the children. On August 26, 2021, Mother filed a motion to dismiss the petition in intervention based solely on the ground that the current supreme court emergency order regarding the COVID-19 state of disaster suspended the time necessary for relators to establish standing to intervene in the case. The trial court conducted a hearing on the motion on August 31, 2021. The court agreed with

–2–

Mother and granted the motion and struck the petition in intervention. This mandamus proceeding followed.

## JURISDICTION

As a threshold matter, we address the Department's assertion the petition is moot because the trial court lacked jurisdiction over the underlying case when it struck the intervention petition.

In cases where the Department requests conservatorship of a child or termination of the parent–child relationship, the Family Code requires the court to begin the trial no later than the first Monday after the first anniversary of the date the court rendered a temporary order appointing the Department as temporary managing conservator. *See* TEX. FAM. CODE ANN. § 263.401(a). The trial court may extend the deadline if it finds that "extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child." *Id.* § 263.401(b). If the court makes those findings, the court may retain the suit on its docket "for a period not to exceed 180 days after the time described by Subsection (a)." *Id.* If the trial court does not begin the trial within the required time, the court's jurisdiction over the suit is terminated and the suit is automatically dismissed without a court order. *Id.* § 263.401(a), (c); *see also In re G.X.H.*, 627 S.W.3d 288, 292 (Tex. 2021). The parties may not extend the deadlines "by agreement or otherwise." FAM. § 263.402.

–3–

In this case, the trial court signed an order appointing the Department temporary managing conservator of the children on July 3, 2019. The first Monday following the first anniversary of that date was July 6, 2020. On June 12, 2020, prior to the dismissal date in effect, the trial court signed an order extending the dismissal date to January 2, 2021, as permitted by section 263.401(b) of the Texas Family Code. *See id.* § 263.401(b).[1] Ordinarily, the court may not grant any additional extensions under section 263.401. FAM. § 263.401(c). But certain orders of the Texas Supreme Court, adopted in response to the state of disaster created by COVID-19, allow a trial court to extend the automatic dismissal date in proceedings under Subtitle E, Title 5 of the Family, suits affecting the parent–child relationship (SAPCR). In order for the court to retain jurisdiction by extending the dismissal

---

[1] Section 263.401(b) provides:

> Unless the court has commenced the trial on the merits, the court may not retain the suit on the court's docket after the time described by Subsection (a) unless the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child. If the court makes those findings, the court may retain the suit on the court's docket for a period not to exceed 180 days after the time described by Subsection (a). If the court retains the suit on the court's docket, the court shall render an order in which the court:

(1) schedules the new date on which the suit will be automatically dismissed if the trial on the merits has not commenced, which date must be not later than the 180th day after the time described by Subsection (a);

(2) makes further temporary orders for the safety and welfare of the child as necessary to avoid further delay in resolving the suit; and

(3) sets the trial on the merits on a date not later than the date specified under Subdivision (1).

FAM. § 263.401(b).

date, however, the court must actually extend the dismissal date before it expires. *In re A.M.*, No. 07-19-00391-CV, 2020 WL 1174579, at *3 (Tex. App.—Amarillo Mar. 11, 2020, no pet.) (mem. op.).[2]

The record before us indicates the trial court did not attempt to extend the dismissal date until January 14, 2021, after the prior extension of the deadline for disposition of the case lapsed. Thus, the trial court lost jurisdiction over the Department's petition on January 2, 2021. *See* FAM. § 263.401(c).

Even though the trial court's jurisdiction over the Department's petition expired, the trial court retained jurisdiction over relators' petition in intervention seeking termination of the parent–child relationship. *See In re L.D.R.*, No. 05-21-00369-CV, 2021 WL 5104376, at *3 (Tex. App.—Dallas Nov. 3, 2021, no pet.) (mem. op.). The jurisdictional restrictions of section 263.401(a) apply only to the court's jurisdiction over the suit affecting the parent–child relationship filed by the department that requests termination of the parent–child relationship or requests that the department be named conservator of the child. FAM. § 263.401(a). There are no similar restrictions on the court's jurisdiction over a termination suit brought by a private party. *L.D.R.*, 2021 WL 5104376, at *3. Relators filed their petition in intervention on December 3, 2020 when the trial court had jurisdiction over the case.

---

[2] The court does not have to enter a written order to render an extension of the dismissal date, the court may also extend the dismissal date with a docket sheet entry or by making an oral pronouncement in the presence of the court reporter. *G.X.H.*, 627 S.W.3d at 298 (citing TEX. FAM. CODE ANN. § 102.026)). In this case, there is no docket entry that extends the January 2 dismissal date, and there is no reporter's record of any hearings in the operative time frame.

Nothing indicates the trial court ever lost jurisdiction to rule on relators' petition in intervention seeking termination of Mother's and Father's parental rights.

We conclude the trial court had jurisdiction to rule on Mother's motion to strike relators' petition in intervention. Accordingly, we will proceed to determine whether the trial court clearly abused its discretion in striking the petition and, if so, whether relators have an adequate remedy by appeal.

### AVAILABILITY OF MANDAMUS RELIEF

To be entitled to mandamus relief, relator must show both that the trial court has clearly abused its discretion and that he has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004). A clear abuse of discretion occurs when a trial court "reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A trial court has no discretion in determining what the law is or applying the law to the facts. *Id.* Therefore, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in appellate reversal by extraordinary writ. *Id.* at 840.

Standing is a component of subject matter jurisdiction and is a constitutional prerequisite to maintaining a lawsuit under Texas law. *In re M.K.S.–V.*, 301 S.W.3d 460, 463 (Tex. App.—Dallas 2009, pet. denied). Thus, it may be raised for the first time on appeal by the parties or by the court. *Tex. Ass's of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex. 1993). Whether a party has standing to seek

relief in a suit affecting the parent–child relationship is governed by the Texas Family Code. *In re E.G.L.*, 378 S.W.3d 542, 547 (Tex. App.—Dallas 2012, pet. denied).

A person seeking conservatorship of a child must have standing to bring suit. *In re I.I.G.T.*, 412 S.W.3d 803, 805–06 (Tex. App.—Dallas 2013, no pet.). Standing in a SAPCR is governed by the family code, and a party bringing a SAPCR must plead and establish standing under the family code's provisions. *M.K.S.–V.*, 301 S.W.3d at 464. Intervention in a pending SAPCR is governed by specific provisions of the family code. *See* FAM. § 102.004(b).

### DISCUSSION

To intervene in the SAPCR, relators were required to establish statutory standing under the family code. *See id.* Under section 102.004(b), the trial court may permit a grandparent or other person deemed to have had substantial contact with the child leave to intervene in a pending suit if there is satisfactory proof that appointment of one or both parents as managing conservator would significantly impair the child's physical health or emotional development. *Id.* Relators, as foster parents, may only be granted leave to intervene if they would also have standing to file an original suit. *Id.* § 102.004(b-1). A foster parent has standing to file an original suit if the child has been placed in their home "for at least 12 months ending not more than 90 days preceding the date of the filing of the petition." *Id.* § 102.003(a)(12).

At the hearing on Mother's motion to strike the petition in intervention, the trial court judge expressed her belief that, with respect to CPS cases, the supreme court's order tolled the relevant time periods.

We disagree with the trial court's assessment of the effect of the supreme court's emergency order because paragraph 4 of the order provided:

> In any proceeding under *Subtitle E, Title 5 of the Family Code*, all deadlines and procedures *must not be modified or suspended*, unless permitted by statute, except the dismissal date may be extended as follows: . . . .

Supreme Court of Texas, Fortieth Emergency Order Regarding the COVID-19 State of Disaster, Misc. Docket No. 21-9079, 629 S.W.3d 911 (Tex. 2021) (emphasis added).

The Department's petition in this case was filed under family code section 262.105, which is part of Subtitle E, Title 5 of the family code. *See* FAM. § 262.105. Thus, paragraph 4 of the Emergency Order applies to this case. Paragraph 4 provides that deadlines and procedures, except the dismissal date, in proceedings under Subtitle E, Title 5 of the family code "must not be modified or suspended, unless permitted by statute." Thus, the 12-month-placement requirement for relators to establish standing was not suspended by the emergency order. *See In re M.T.-G.*, No. 05-21-00763-CV, 2022 WL 178688, at *3 (Tex. App.—Dallas Jan. 20, 2022, orig. proceeding) (mem. op.). Accordingly, the trial court abused its discretion in striking relators' petition on that basis.

–8–

Next, we address the Department's assertion that even if the trial court misapplied the supreme court's emergency orders, it did not abuse its discretion in striking relators' petition in intervention because relators did not request leave to file their petition and did not present satisfactory proof that appointment of the parents as sole or joint managing conservators would significantly impair the children's physical health or emotional development. *See* FAM. § 102.004(b).

With respect to the Department's assertion relators did not request leave to file their petition in intervention, we note this ground was not raised in the trial court. Nevertheless, we reject this assertion because relator's petition in intervention can reasonably be read as a request for leave to intervene. The petition (1) alleges that relators are the foster parents of the children, (2) seeks termination of Mother's and Father's parental rights and appointment of relators as permanent joint managing conservators of the children, and (3) concludes by requesting relief in accordance with the allegations in the petition. *See In re A.T.*, No. 14-14-00071-CV, 2014 WL 11153028, at *9 (Tex. App.—Houston [14th Dist.] July 15, 2014, no pet.) (mem. op.).

As to the Department's assertion relators did not present satisfactory proof of significant impairment to invoke standing to intervenor, we note that, in its petition, the Department sought termination of the parental rights of Mother and Father based on their longstanding drug use and mental health issues, F.D. and L.D. having tested positive for amphetamines at birth, and mother having left C.D. largely in the care

–9–

of a relative, who also tested positive for drug use. Clear, deliberate, and unequivocal assertions of fact in live pleadings are regarded as judicial admissions. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 905 (Tex. 2000). A judicial admission not only relieves an adversary from making proof of the fact admitted but also bars the party himself from disputing it. *Id.* We cannot say at this point that the record fails to show proof of the significant impairment requirement.

Moreover, we note, this ground was not raised in the motion to strike the intervention or at the hearing on the motion. Thus, we do not know how the trial court would have exercised its discretion had it considered the remaining grounds for intervention under section 102.004(b). Nor were relators given an opportunity to respond and make the showing required by that section. While in general we may affirm a trial court's order if it is correct on any legal theory applicable to the case, we will not affirm the trial court's order based on a legal theory not presented to the trial court and to which the other party had no opportunity to respond. *M.T.-G.*, 2022 WL 178688, at \*4. We agree that the burden is on relators to make the showing required by section 102.004(b), but at this juncture the trial court has not considered that showing or exercised its discretion based on a fully developed record. Because relators' standing was not challenged on any ground other than the suspension of the placement requirement by the supreme court's emergency orders, we decline to further consider this unraised ground.

Finally, the Department argues relators have an adequate remedy by appeal

from a final judgment. The Texas Supreme Court has held that mandamus review is appropriate when the trial court's jurisdiction is challenged in a proceeding involving child custody issues. *See Geary v. Peavy*, 878 S.W.2d 602, 603 (Tex. 1994) (orig. proceeding). Due to the unique and compelling circumstances presented in a SAPCR case, mandamus relief is an appropriate remedy for an order denying or granting a motion to dismiss for lack of standing in such a case. *In re Martin*, 523 S.W.3d 165, 169 (Tex. App.—Dallas 2017, orig. proceeding); *In re Shifflet*, 462 S.W.3d 528, 541–42 (Tex. App.—Houston [1st Dist.] 2015, orig. proceeding) (no adequate remedy on appeal and mandamus proceeding appropriate to seek relief from order granting motion to dismiss intervention in SAPCR case for lack of standing).

In this case, the trial court's jurisdiction over relators' petition in intervention, which sought custody of the children, was challenged by Mother's motion to dismiss. In this context, we conclude relators do not have an adequate remedy by appeal.

## CONCLUSION

We conditionally grant the petition for writ of mandamus. We order the trial court to vacate its order of August 31, 2021 striking relators' petition in intervention. Because we assume the trial court will comply with this opinion, we direct our clerk not to issue the writ of mandamus unless information is received that the district court has not so complied.

–11–

We lift the stay issued by this Court on October 26, 2021.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

210768F.P05